## REPUBLIC NATIONAL LEASING CORPORATION, Petitioners,

v.

## Charles J. SCHINDLER, Respondent.

### No. C-5596.

Supreme Court of Texas.

Oct. 15, 1986.

Charles L. Perry, Johnson, Bromberg & Leeds, Dallas, for petitioners.

Timothy P. Dowling, Gary, Thomasson, Hall & Marks, Corpus Christi, for respondent.

PER CURIAM.

This is an appeal from a summary judgment. Republic sued Schindler for breach of an aircraft leasing agreement. Schindler answered with a general denial. Republic filed a motion for summary judgment. Schindler filed no response or contraverting affidavits. The trial court granted summary judgment in favor of Republic. In an unpublished opinion, the court of appeals reversed and remanded.

The only summary judgment evidence was the affidavit of John B. Mason, Republic's Credit Manager. Attached and incorporated by reference were three documents: a copy of the lease agreement, a copy of the lease payment schedule, and a copy of the demand letter sent to Schindler by Republic detailing its damages.

■ Because Schindler failed to file any response, the only issue before this Court is whether Republic's summary judgment evidence entitles it to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). The Court of Appeals held that the facts presented in Republic's affidavit were not easily controverted; therefore, the affidavit was insufficient summary judgment evidence. A summary judgment may be based on the uncontroverted affidavit of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. TEX.R.CIV.P. 166–A(c). The relevant portion of Republic's affidavit states that Schindler failed to make certain payments on the lease and states the amount of damages claimed. The court of appeals held that because Schindler had not performed any discovery, these matters were not readily controverted. We hold that these are matters which are readily controvertible.

■ The court of appeals further concluded that the attachments to Republic's affidavit were not summary judgment evidence because they were not separately sworn. Rule 166–A(e) states that copies of papers referred to in summary judgment affidavits must be sworn or certified. This Court has held that copies of documents which are attached to a properly prepared affidavit are sworn copies within the meaning of Rule 166–A(e). *Zarges v. Bevan,* 652 S.W.2d 368, 369 (Tex.1983); *Life Insurance Company of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378, 380 (Tex.1978). Republic's affidavit stated that the attached documents were true and correct copies of the originals, and the affidavit was properly sworn. Accordingly, the trial court was correct in considering those documents as summary judgment evidence.

The judgment of the court of appeals is contrary to TEX.R.CIV.P. 166–A(e), *Zarges v. Bevan,* 652 S.W.2d 368 (Tex.1983) and *Life Insurance Company of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978). Pursuant to TEX.R.APP.P. 133(b), we grant the application for writ of error, and without hearing argument, we reverse the judgment of the court of appeals and affirm the judgment of the trial court. Schindler brings forward two cross points

which were not preserved, therefore, we do not address them.