**Deny Writ and Opinion Filed October 27, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01286-CV

### IN RE KENNETH LEO BUHOLTZ, Relator

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-51173-2010**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Evans
Opinion by Justice Francis

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to rule on the following pending motions that appear to have been on file in this divorce proceeding for varying periods of time ranging from three months to almost a year. The facts and issues in the underlying case are well known to the parties, so we do not recount them here.

The motions relator contends the trial court has failed to act on are as follows:

- July 18, 2014 Motion to Substitute Counsel
- June 23, 2014 Revision of Plaintiff's Motion to Appeal by Telephone
- June 23, 2014 Motion for Order to Show Cause Why Dilia Lulieth Buholtz Should Not be Held in Contempt
- May 27, 2014 Motion for Correction of Judgment
- May 27, 2014 Motion for Recusal
- December 16, 2013 Motion for Hearing
- October 30, 2013 Motion for Enforcement of Divorce Decree

The Texas Rules of Appellate Procedure have specific requirements for the form and contents of a petition for writ of mandamus. TEX. R. APP. P. 52.3. Although the relator's allegations, if properly supported, might present reason for the Court to request a response to relator's petition, the relator's petition does not comply with the rules of appellate procedure. Specifically, the petition is not certified as required by rule 52.3(j). TEX. R. APP. P. 52.3(j) ("The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."). In addition, relator's appendix is not authenticated as required by the rules of appellate procedure because the documents attached are not sworn copies. TEX. R. APP. P. 52.3(k), 52.7(a). To be a sworn copy, documents must be attached to a proper affidavit. *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986) (per curiam). An inmate may substitute an unsworn declaration under penalty of perjury pursuant to section 132.001 of the Texas Government Code for the required affidavit. *See In re Taylor,* 28 S.W.3d 240, 245 (Tex. App.—Waco 2000, orig. proceeding) (inmate could substitute unsworn declaration for required verification of petition for writ of mandamus).

"Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le,* 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Without a proper record the Court cannot determine whether the motions relator contends he has filed are on file with the trial court and have not been resolved. Although the claims pleaded in pro se inmate petitions should be liberally construed, the same procedural standards apply to inmates as to other litigants. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, no writ). If a pro se litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who

is represented by counsel. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). We **DENY** the petition for writ of mandamus.


141286F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE
