**Deny Writ and Opinion Filed October 16, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01275-CV

### IN RE ALFRED LEE STONE, Relator

### Original Proceeding from Dallas County, Texas

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Evans
Opinion by Justice Francis

In this petition for writ of mandamus, relator requests that the Court grant a writ of mandamus compelling each of the civil district judges in Dallas County to compel the district clerk to accept and file his "equitable bill of discovery" and other related pleadings not included in this record. He contends, without supporting evidence, that he mailed his pleadings to the district clerk, the pleadings were returned to him unfiled and that he requested that each district judge accept his pleading. As proof of this request for performance, he attaches a "demand for performance" dated the same date as the petition for writ of mandamus.

Relator's petition does not comply with the Texas Rules of Appellate Procedure. On appeal, as at trial, the pro se appellant must properly present its case. *Strange v. Cont'l Cas. Co.,* 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). Although the claims pleaded in pro se inmate petitions should be liberally construed, the same procedural standards apply to inmates at to other litigants. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.]

1992, no writ).  If a pro se litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is represented by counsel. *Holt v. F.F. Enterprises,* 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied).

The Texas Rules of Appellate Procedure have specific requirements for the form and contents of a petition for writ of mandamus. TEX. R. APP. P. 52.3.  Relator's petition is not properly certified and his appendix is not authenticated.  TEX. R. APP. P. 52.3(k).  To be a sworn copy, documents must be attached to a proper affidavit.  *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986) (per curiam).  Because the appendix is deficient under rule 52.3(k), the mandamus record is also deficient under rule 52.7.  TEX. R. APP. P. 52.7

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).  Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy.  *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).  Relator has not met these requirements.

When a district clerk refuses to accept a pleading presented for filing, the party may file an application for writ of mandamus in the district court, or may attempt to file the pleading directly with a district judge, explaining in a verified motion that the clerk refused to accept the pleading for filing.  *In re Simmonds,* 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding).  Here the unauthenticated mandamus record does not reflect that the relator has followed this procedure.  We **DENY** the petition.


141275F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–2–