**Affirmed and Memorandum Opinion filed March 29, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00316-CV

---

### DIMENSION HOMES, INC. AND JEFFREY DZIUK, Appellants

### V.

### DOUGLAS DUNCAN LEWIS AND ELIZABETH PAMELA LEWIS, Appellees

---

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 18-DCV-258117**

---

### MEMORANDUM OPINION

This is an interlocutory appeal from an order denying a motion to compel arbitration. *See* Tex. Civ. Prac. & Rem. Code. Ann. § 171.098(a)(1); Tex. R. App. P. 28.1(a). Appellees Douglas Duncan Lewis and Elizabeth Pamela Lewis sued appellants Dimension Homes, Inc. ("Dimension") and Jeffrey Dziuk, the President of Dimension, alleging breach of contract, breach of warranties, negligence, negligent misrepresentation, and violation of the Texas Deceptive Trade Practices

Act. Appellants filed a motion to compel arbitration, which the trial court denied.

In a single issue, appellants argue that the trial court erred by denying their motion to compel arbitration. We affirm.

## I.   BACKGROUND[1]

Appellees own property in Richmond, Texas. In September 2013, appellees signed a contract with appellants entitled "Dimension Homes, Inc. Build On Your Own Lot Residential Construction Contract" (the "Construction Contract") to build a home on the property. Disputes arose regarding "punch list items and defects" during construction of the home, and the parties executed a Settlement Agreement on August 14, 2015 to resolve those disputes. Paragraph five of Exhibit A to the Settlement Agreement stated in part: "Any additional claims regarding any work performed by Dimension Homes, Inc. on the [appellees' home] will be made under the warranty provision (paragraph 13) of the parties' contract, save and except for latent defect claims." Paragraph four of the Settlement Agreement specified that:

> The parties agree to release, discharge, and forever hold the other harmless from any and all claims . . . arising from or related to the events and transactions which are the subject matter of this case with the exception of standard implied and builder's standard warranty, *and except for Paragraph 5 in Exhibit A.*

(emphasis added).

Paragraph thirteen of the Construction Contract, titled Warranties, states the following:

> [Dimension] expressly warrants that the Improvements constructed on

---

[1] The facts of this case, as well as its procedural history, are well known to the parties; therefore, we will discuss the facts of the case only to the extent they are relevant to the issues on appeal. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

the Property have been constructed in a good and workmanlike manner and will perform the ordinary purpose for which they are intended for a period of one (1) year from the date of Final Payment. [Dimension] provides a two (2) year warranty for all mechanicals in the home. [Dimension] provides a 10 year limited warranty through the ACES Builder's Warranty. [Dimension] shall provide [appellees], upon Final Payment; a ten (10) year limited warranty against structural defects in the foundation of the Improvements covering that portion of the Improvements comprising the main residence.

At the closing on August 28, 2015, appellees signed an addendum to the builder's contract titled Builder Limited Warranty, which states:

This Limited Warranty contains the entire warranty obligations of Builder to Owner with respect to the matters referred to in this Limited Warranty, *and supersedes any previous agreements, representations or communications relating to this Limited Warranty, express or implied, whether oral or written to the extent allowed by law. . . .*

THE LIMITED WARRANTY CONTEMPLATE [sic] AMICABLE, GOOD FAITH EFFORTS TO RESOLVE ANY DISPUTE, BUT THAT ANY DISPUTE NOT SO SETTLED WILL BE DECIDED PURSUANT TO BINDING ARBITRATION BEFORE THE AMERICAN ARBITRATION ASSOCIATION OR ANY MUTUALLY AGREED UPON ARBITRATOR.

(emphasis added). However, the two-page Builder Limited Warranty does not actually contain any warranties; instead, the warranties are detailed in the American Construction & Education Services, Inc. ("ACES") Warranty, which is referenced by number at the top right-hand corner of the Builder Limited Warranty. Appellees did not sign the ACES Warranty.

On January 15, 2020, appellees filed suit against appellants. In their petition, appellees alleged appellants failed to construct the home in conformance with the ten-year limited warranty against structural defects, and also claimed appellants knew that without addressing the structural defects, repairs made by appellants

3

would only mask, but not remedy, the underlying foundation problems. Appellees specifically averred that they were not pursuing any claims pursuant to the ACES Warranty; rather, they were "electing to proceed under the various non-ACES warranties that came with the Residence."

On January 21, 2020, appellants filed a motion to compel arbitration. Appellants attached a copy of the ACES warranty, but they did not include an affidavit to authenticate it. According to appellants, Article VII of the ACES Warranty contains an arbitration agreement; therefore, appellees were required to arbitrate their claims against appellants. Appellees filed a response to the motion to compel arbitration on February 7, 2020. In their response, appellees argued that the ACES Warranty's arbitration clause does not govern the three separate and distinct warranties that are found in the Construction Contract. Alternatively, appellees argued that even if the ACES Warranty was applicable, they never signed the ACES Warranty because it was never presented to them. Lastly, they argued that Dziuk failed to establish the existence of an agreement to arbitrate claims against him individually because he is not a signatory to any arbitration agreement.

In a reply to appellees' response, appellants argued that the Builder Limited Warranty, which appellees did sign, indicated that all disputes would be resolved by arbitration. Appellants also argued that appellees "also signed the Addendum [to the builder's contract containing the Builder Limited Warranty] stating that they knew the contents of the applicable warranty and that it would supersede any other document." Appellants attached to their reply a copy of the Builder Limited Warranty and an affidavit from Dziuk to authenticate the document. On February 24, 2020, a hearing was held on the motion. On April 2, 2020, the trial court denied the motion to compel. Appellants filed a timely appeal. *See* Tex. Civ. Prac. & Rem. Code. Ann. § 171.098(a)(1).

4

## II.   ANALYSIS

In their sole issue, appellants argue that the trial court erred in denying its motion to compel arbitration.

### A.   STANDARD OF REVIEW & APPLICABLE LAW

A trial court's order denying a motion to compel arbitration is reviewed for an abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *SK Plymouth, LLC v. Simmons*, 605 S.W.3d 706, 714 (Tex. App.—Houston [1st Dist.] 2020, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 231, 241–42 (Tex. 1985).

"The evidentiary standards for a motion to compel arbitration are the same as for a motion for summary judgment." *In Estate of Guerrero*, 465 S.W.3d 693, 703 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc). Under the summary judgment standard, copies of documents must be authenticated in order to constitute competent summary judgment evidence. *See id.* (citing *Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex. 1986) (per curiam)); *see also Niu v. Revcor Molded Prod. Co.,* 206 S.W.3d 723, 729 (Tex. App.—Fort Worth 2006, no pet.). A properly sworn affidavit stating that the attached documents are true and correct copies of the original authenticates the copies so they may be considered as evidence. *Republic*, 717 S.W.2d at 607. But "[s]imply attaching a document to a pleading does not make the document admissible as evidence, dispense with proper foundational evidentiary requirements, or relieve a litigant of complying with other admissibility requirements." *In Estate of Guerrero*, 465 S.W.3d at 703.

## B.    APPLICATION

Appellants first argue that appellees are estopped from asserting that the arbitration clause is unenforceable because appellees have made claims under, and sought direct benefits from, the ACES Warranty. However, appellants do not support this argument with any authority. Additionally, appellants did not assert an estoppel argument in their motion to compel arbitration or in their reply. Thus, we conclude appellants have waived this complaint on appeal. *See* Tex. R. App. P. 33.1.

Next, appellants argue that there was an enforceable arbitration agreement and that appellees' claims fall within the scope of that agreement. Appellees, for the first time on appeal, assert that we should affirm the trial court's decision because appellants failed to authenticate the ACES Warranty. We agree with appellees.

Appellants rely on the ACES Warranty for the terms of the arbitration agreement and the scope of that agreement. However, when appellants filed their motion to compel arbitration, they did not attach an affidavit to authenticate the ACES Warranty or attempt to authenticate the ACES Warranty through testimony. Our record reflects that appellants did not request an evidentiary hearing, and appellants have not complained on appeal that the trial court failed to hold an evidentiary hearing. *See Smart Call, LLC v. Genio Mobile, Inc.,* No. 14-13-00223-CV, 2014 WL 3955083, at *7 (Tex. App.—Houston [14th Dist.] Aug. 14, 2014, pet. denied) (mem. op.) (affirming the trial court's denial of a motion to compel arbitration where the movant did not conclusively establish the existence of an agreement, did not request an evidentiary hearing, and did not complain on appeal that the trial court failed to conduct an evidentiary hearing).

Appellees may assert this argument challenging a defect of substance for the

6

first time on appeal. *See In Estate of Guerrero*, 465 S.W.3d at 707–08. In *In Estate of Guerrero*, this court, sitting en banc, concluded a motion to compel arbitration is held to the same evidentiary standards as a motion for summary judgment. *See id.* at 700. Any documents in support of the motion must be authenticated; merely attaching a document to a motion to compel arbitration without an affidavit or testimony at an evidentiary hearing authenticating the document renders the document inadmissible as evidence. *See In Estate of Guerrero*, 465 S.W.3d at 705. Our court noted that "[a] complete absence of authentication is a defect of substance that is not waived by a party failing to object and may be urged for the first time on appeal." *Id.* at 707; *see Brown v. Tarbert, LLC*, 616 S.W.3d 159, 165 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (concluding that a "complete absence of authentication" is an objection to substance that may be raised for the first time on appeal); *Harpst v. Fleming*, 566 S.W.3d 898, 908 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (same); *HighMount Expl. & Prod. LLC v. Harrison Interests, Ltd.*, 503 S.W.3d 557, 567–68 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("[T]he complete absence of authentication of the memorandum and the complete absence of authentication of the diagram are substantive defects that are not waived by the failure to object and obtain a ruling in the trial court."). Although appellants authenticated the Builder Limited Warranty, they did not authenticate the ACES Warranty, which is the document that contains the arbitration agreement and defines the scope of claims that fall within that agreement.

Because appellants have not authenticated the ACES Warranty attached to its motion to compel arbitration, there is no competent evidence of an agreement to arbitrate. *See In Estate of Guerrero*, 465 S.W.3d at 705. Accordingly, we conclude that the trial court did not abuse its discretion in denying appellants' motion to

compel arbitration because appellants failed to meet their burden to establish the existence of an arbitration agreement. *See id.*

### III. CONCLUSION

We affirm the trial court's order.

/s/    Margaret "Meg" Poissant
        Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.