**Opinion issued December 21, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00537-CV

————————————

**KEVIN FRYMIER, Appellant**

**V.**

**TAREN BELLOWS, OLD AMERICAN COUNTY MUTUAL UNITED
AUTOMOBILE INSURANCE SERVICES, AND ALLSTATE INSURANCE
CO., Appellees**

---

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Case No. 2021-70100**

---

## MEMORANDUM OPINION

Kevin Frymier brought claims of fraud and negligent misrepresentation against Taren Bellows, Old American County Mutual United Automobile Insurance Services, and Allstate Insurance Co. following an auto accident. The trial court

granted no-evidence summary judgments in favor of Bellows and Old American and dismissed the claims against Allstate for want of prosecution. On appeal, Frymier contends that the no-evidence summary judgments were premature, that fact issues precluded summary judgment, and that Allstate was wrongly dismissed.

We affirm.

## Background

A car accident occurred while Frymier was driving Bellows's car. Frymier and Bellows were in a relationship. Bellows had allowed Frymier to borrow her car in the past, but she revoked permission about a month before the accident. Frymier became financially responsible for the accident after Bellows's insurance carrier, Old American, denied coverage because Bellows said Frymier drove her car without permission.

Frymier sued, alleging fraud and negligent misrepresentation by Bellows, Old American, and Allstate. Frymier claimed that Bellows authorized him to drive her car but then denied it to Old American, resulting in his financial responsibility for the accident. Against Allstate, Frymier alleged a negligent misrepresentation claim for failing to reach out to him during the insurance claim period.

Six months after Frymier sued, Bellows moved for a no-evidence summary judgment. Three months later, Old American also moved for a no-evidence summary judgment. The trial court separately granted both motions. The order granting Old

2

American's motion stated that it was a final, appealable judgment that disposed of all claims and parties. As to the claims against Allstate, the order stated: "It does not appear that Allstate was ever served. Given the passage of time and the failure to serve and prosecute his claims against Allstate, the court presumes [Frymier] has abandoned his claims against Allstate."

## Adequate time for Discovery

Frymier contends that the trial court should have denied the no-evidence summary judgment motions because they were filed before the docket-control-order deadline for dispositive motions and before he had adequate time for discovery.

### A.    Standard of Review

The party without the burden of proof may move for a no-evidence summary judgment because no evidence supports an essential element of the nonmovant's claim after there has been an adequate time for discovery. TEX. R. CIV. P. 166a(i); *see Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). We review a trial court's determination of whether adequate time for discovery has passed for an abuse of discretion. *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

### B.    Analysis

The trial court's docket control order provided no start date for when no-evidence motions for summary judgment could be heard. Instead, it provided a

deadline by which all dispositive motions or pleas must be heard. But a party may move for no-evidence summary judgment only "[a]fter adequate time for discovery." TEX. R. CIV. P. 166a(i). "Whether a nonmovant has had adequate time for discovery under rule 166a(i) is case specific." *See Madison v. Williamson*, 241 S.W.3d 145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (quoting *Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.)). By granting a no-evidence motion, a trial court implicitly finds that an adequate time for discovery passed before its consideration of the motion. *Chamie v. Mem'l Hermann Health Sys.*, 561 S.W.3d 253, 256–57 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

"When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *West v. SMG*, 318 S.W.3d 430, 443 (Tex. App.—Houston [1st] 2010, no pet.) (quoting *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996)); *see* TEX. R. CIV. P. 166a(g). "The affidavit or motion must describe the evidence sought, state with particularity the diligence used to obtain the evidence, and explain why the continuance is necessary." *West*, 318 S.W.3d at 443. The record does not show that Frymier filed an affidavit explaining the need for further discovery or a verified motion for continuance. Frymier therefore cannot show that the trial court abused its

4

discretion by ruling on the summary judgment motion. *See English v. Bajjali*, No. 01-17-00093-CV, 2017 WL 6520433, at *2 (Tex. App.—Houston [1st Dist.] Dec. 21, 2017, pet. denied) (mem. op.) (rejecting inadequate time for discovery claim when neither sworn motion nor affidavit explaining need was filed).

We overrule this issue.

## No-Evidence Summary Judgment

Frymier contends that fact issues precluded summary judgment for Bellows and Old American. Because our reasoning for Frymier's fraud and negligent misrepresentation claims against Bellows is the same, we first address those claims together. Second, we address the claims against Old American.

### A. Standard of Review and Applicable Law

We review a trial court's summary judgment de novo. *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). A party may move for summary judgment, asserting that there is no evidence of one or more elements of a claim on which the nonmovant bears the burden of proof at trial, after an adequate time for discovery. TEX. R. CIV. P. 166a(i). A no-evidence summary judgment is essentially a pretrial directed verdict, to which we apply the same legal sufficiency standard of review. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 350 (Tex. App.—Houston [1st Dist.] 2001, no pet.). To defeat a no-evidence motion, the nonmovant

must produce evidence raising a genuine issue of material fact on each element challenged. TEX. R. CIV. P. 166a(i); *see Ford Motor Co. v Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A genuine issue of material fact exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). Evidence that does no more than create a mere surmise or suspicion does not create a fact issue. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014).

In our review, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in his favor. *King Ranch*, 118 S.W.3d at 751. We sustain a no-evidence challenge when

> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Id.*

The elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act on it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of*

6

*Am.*, 341 S.W.3d 323, 337 (Tex. 2011). The elements of negligent misrepresentation are: (1) a representation made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest, (2) the defendant supplies false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Ints.*, 991 S.W.2d 787, 791 (Tex. 1999); *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 379 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

## B.     Fraud and Negligent Misrepresentation - Bellows

Frymier argues that the trial court should have considered his second amended petition as evidence rebutting Bellows's no-evidence motion. But pleadings, even if sworn or verified, are not competent summary judgment evidence. *See Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971).

The only other evidence offered by Frymier were text messages between Frymier and Bellows and a letter from Allstate. These documents are not self-authenticating. *See* TEX. R. EVID. 902 (listing self-authenticating documents). Under the summary judgment standard, copies of documents must be authenticated to be considered as summary judgment evidence. *See Republic Nat'l Leasing Corp.*

*v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986) (per curiam); *see also Obialo v. N. Healthcare Land Ventures, Ltd.*, No. 01-17-00317-CV, 2018 WL 3233575, at *4 (Tex. App.—Houston [1st Dist.] July 3, 2018, no pet.) (mem. op.). An affidavit stating that the documents are true and correct copies of the originals authenticates the copies so they may be considered as summary judgment evidence. *Republic*, 717 S.W.2d at 607. The record does not show that when the trial court ruled on Bellows's no-evidence motion there were authenticated copies of any of the documents Frymier relied on, nor had Frymier submitted an affidavit to authenticate those documents. *See Johnson v. Bank of Am., N.A.*, No. 01-21-00432-CV, 2022 WL 3363191, at *4 (Tex. App.—Houston [1st Dist.] Aug. 16, 2022, no pet.) (mem. op.) ("Unauthenticated exhibits attached to a response to a motion for summary judgment are not competent summary judgment evidence.").[1]

Accordingly, Frymier's evidence did not raise a fact issue, and the trial court did not err in granting Bellows's no-evidence motion for summary judgment on Frymier's fraud and negligent misrepresentation claims. *See* TEX. R. CIV. P. 166a(i).

---

[1] Although Bellows did not object to Frymier's summary judgment evidence, the absence of authentication is a substantive defect that can be raised for the first time on appeal. *See Johnson*, 2022 WL 3363191, at *4 n.5 (citing *In Estate of Guerrero*, 465 S.W.3d 693, 706–08 (Tex. App.—Houston [14th Dist.] 2015, pet.)).

## C.      Fraud and Negligent Misrepresentation – Old American

As to Old American, Frymier offered the text messages between Frymier and Bellows, a letter from Allstate, and his third amended pleading. Again, pleadings are not competent summary judgment evidence. *See Laidlaw Waste Sys., Inc.*, 904 S.W.2d at 660; *Hidalgo*, 462 S.W.2d at 545. But as for the text messages and letter, in responding to Old American's no-evidence motion, Frymier filed an affidavit swearing that they were true and correct copies and attached the text messages and letter, so we will consider them. *See Republic*, 717 S.W.2d at 607.

The text messages show that on September 26, 2019, weeks before the accident on October 14, 2019, Bellows texted "TODAY is the LAST day you use the car THANKS." Later that day, she reiterated that "TODAY IS UR LAST DAY" in a text to Frymier. On October 8, 2019, she texted Frymier, "I want my fucking keys back use ur car you owe me about 600 for using my car so if you aren't giving me 1000 on Thursday im getting my keys back." To which Frymier responded, "I dnt have a. 1000 wtf my car is not fucking working." The only text messages provided after this date and before the accident are instructions from Bellows to Frymier to not give someone anything to eat or drink and stating that Bellows and Frymier were not together.

Frymier also provided text messages from after the accident, including an exchange with Bellows about her unblocking him so he could send her "the 40," to

which Frymier stated, "[w]e have to pay for the car." Bellows responded, "[s]end the 40 now you need to come up with more money or Im stopping the payment . . . I have my own car to pay." As for the letter from Allstate, it shows nothing more than that Frymier was sent a notice informing him of steps to take involving coverage for the accident. None of this evidence creates more than a mere suspicion that Frymier had permission to use Bellows's car on the date of the accident. *See Johnson*, 2022 WL 3363191, at *5 (citing *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 755 (Tex. 1970) ("[W]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, such evidence is in legal effect no evidence, and it will not support a verdict or judgment.")). That is not enough to defeat a no-evidence motion for summary judgment. *See id.*

We overrule this issue.

### Dismissal

In his last issue, Frymier contends the trial court erred by dismissing his claims against Allstate when it granted Old American's summary judgment motion.

We review a trial court's dismissal for want of prosecution for an abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Renfro v. Davis*, No. 01-21-00540-CV, 2022 WL 3031605, at *2 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, no pet.) (mem. op.). A trial court may exercise its inherent powers to dismiss

10

a case when it has not been prosecuted with due diligence. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

When granting Old American's summary judgment motion, the trial court noted that Allstate was never served and presumed Frymier had abandoned his claims against Allstate. The plaintiff must obtain service of the citation and a copy of the petition on the defendant. TEX. R. CIV. P. 99 (a). The citation must contain the "names of parties" and "be directed to the defendant." TEX. R. CIV. P. 99(b). An "officer or authorized person executing the citation must complete a return of service," and that the return, together with any document to which it is attached, must include, among other things, "the person or entity served" and the "address served." TEX. R. CIV. P. 107(b)(5), (6).

While Frymier asserts that he timely served Allstate through the Harris County District Clerk, he has provided no proof of service, and we find none in the record. A party may ordinarily rely on a clerk's office to perform its duty to timely issue and deliver citations. *See Rivera v. Henderson*, No. 01-21-00418-CV, 2022 WL 3722320, at *10 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, no pet.) (mem. op.) (citing *Boyattia v. Hinojosa*, 18 S.W.3d 729, 732–34 (Tex. App.—Dallas 2000, pet. denied)). But when a party learns or should have learned by exercising diligence that the clerk failed to fulfill its duty, the party must ensure the job is completed. *Id.*; *see also Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999,

11

pet. denied) (party requesting service, not process server, has responsibility to ensure service). With no evidence provided by Frymier, we cannot determine whether Allstate was served or conclude that the trial court abused its discretion by dismissing Allstate for want of prosecution.

We overrule Frymier's final issue.

## Conclusion

We affirm the trial court's judgment.

Sarah Beth Landau
Justice

Panel consists of Justices Kelly, Landau, and Farris.