**Opinion issued June 4, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-23-00881-CV**

———————————

**THE VETHAN LAW FIRM, P.C. AND CHARLES M.R. VETHAN,**
**Appellants**

**V.**

**EAGLEWOOD HOMEOWNERS ASSOCIATION, INC., Appellee**

---

**On Appeal from County Civil Court At Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1207363**

---

**MEMORANDUM OPINION**

Appellants, The Vethan Law Firm, P.C. and attorney Charles M.R. Vethan (together, VLF), appeal the trial court's order denying VLF's motion to compel arbitration in a lawsuit filed by appellee Eaglewood Homeowners Association, Inc. Because VLF failed to meet its initial evidentiary burden of establishing the

existence of an arbitration agreement, we hold that the trial court did not abuse its discretion in denying the motion. Accordingly, we affirm.

## Background

In June 2023, Eaglewood Homeowners Association (the Association) sued VLF. In its petition, the Association alleged that in 2019 its then-president retained VLF to represent it in a lawsuit between the Association and a vendor (the vendor lawsuit). The Association paid VLF a $15,000 retainer and authorized VLF to pay itself directly out of the Association's bank account. According to the Association, over the course of six months, VLF billed more than $40,000 in legal fees and paid itself "immediately via electronic payments pulled directly out of the Association's bank account." The Association characterized VLF's fees as "needless and excessive."

In early 2020, the Association hired new counsel to represent it in the vendor lawsuit. New counsel told VLF "to stand-down, stop work, and await further instructions." The Association alleged that, despite being told to stop work, VLF continued to provide legal services to the Association and billed an additional $14,318.60 in legal fees. The Association claimed that VLF paid itself the additional fees from the $15,000 retainer that it held. The Association asked VLF to return the retainer, but VLF did not comply.

The Association also alleged that missing from the client file returned by VLF was "a complete copy" of the attorney-client engagement agreement between it and VLF. The Association asserted that it asked VLF for the engagement agreement numerous times, but VLF failed to produce it for almost four years. Once produced, the Association questioned the document's authenticity because it was "obviously pieced together from multiple documents." The Association asserted that "there [was] no way to know whether [the document] reflect[ed] the [engagement] agreement presented to the Association" when VLF was retained.

The Association asserted claims against VLF for conversion, fraud, unjust enrichment, and breach of contract, seeking the return of its retainer and its attorney's fees for the instant litigation. VLF answered the suit and filed a motion to compel arbitration. In the motion, VLF asserted that the engagement agreement contained an arbitration clause and that the Association's claims fell within its scope. VLF stated that the engagement agreement was attached to the motion, but no documents were attached.

The Association filed a response opposing arbitration. The Association asserted that VLF "fail[ed] to meet [its] burden to establish that a valid arbitration agreement exist[ed] between it and the Association." It pointed out that VLF had offered no evidence in support its motion. It also asserted that, "notwithstanding the lack of evidence of a written engagement agreement," the motion failed because its

former president had not been authorized to retain VLF. The Association asserted that it "dispute[d] the authenticity of any engagement agreement belatedly produced by [VLF]; no such agreement was ever located in the records of the Association, provided by [its former president], or provided by [VLF] despite multiple requests over four years." The Association also asserted that, even if an arbitration agreement existed, the terms of the agreement cited by VLF were unconscionable.

VLF filed a reply and documentary exhibits. The exhibits included a document that VLF referred to in its reply as the "VLF Engagement Agreement." The document contained an arbitration clause. But VLF offered no affidavits or other testimony to authenticate the VLF Engagement Agreement or any of its exhibits.

The parties agree that VLF's motion to compel arbitration was argued at two separate hearings, but neither hearing was transcribed. The trial court signed an order denying the motion without specifying the basis for its ruling, which VLF appealed. On appeal, VLF filed a motion seeking a stay of the trial court's proceedings pending disposition of the appeal, which was granted.

## Denial of Motion to Arbitrate

In its sole issue, VLF contends that the trial court erred in denying its motion to compel arbitration.

**A.      Standard of Review and Applicable Legal Principles**

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

A party seeking to compel arbitration must establish that (1) a valid arbitration agreement exists and (2) the claims are within the scope of the agreement. *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 397 (Tex. 2020). If the party seeking arbitration satisfies its initial burden, the burden then shifts to the party resisting arbitration to present evidence supporting a defense to the enforcement of the arbitration provision. *Henry*, 551 S.W.3d at 115. While there is a strong policy favoring arbitration, this policy does not apply to the initial determination whether there is a valid arbitration agreement. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). The presumption favoring arbitration arises only after the party seeking to compel arbitration establishes a valid agreement to arbitrate. *See id.*

**B.      Existence of Valid Arbitration Agreement**

VLF asserts that it offered the VLF Engagement Agreement "as proof of the existence of a valid, enforceable arbitration agreement." In its brief, the Association

counters that we should affirm the trial court's order denying the motion to compel arbitration because VLF did not authenticate the document or any of its exhibits. We agree with the Association.[1]

"The burden of establishing the existence of an arbitration agreement 'is evidentiary and runs with the party seeking to compel arbitration.'" *Northpointe LTC, Ltd. v. Durant*, No. 01-22-00215-CV, 2022 WL 17835223, at *5 (Tex. App.—Houston [1st Dist.] Dec. 22, 2022, no pet.) (mem. op.) (quoting *DISH Network L.L.C. v. Alexander*, No. 13-20-00240-CV, 2021 WL 3085763, at *3 (Tex. App.—Corpus Christi–Edinburg July 22, 2021, pet. denied) (mem. op.)). "It is axiomatic that a party seeking to prove its right to enforce a contractual remedy of arbitration must submit competent, prima facie evidence of the arbitration agreement itself."

---

[1] The Association raised the lack-of-authentication issue in its appellee's brief but did not raise the issue in the trial court. However, the complete absence of authentication is a substantive defect that may be raised for the first time on appeal. *See In re Est. of Guerrero*, 465 S.W.3d 693, 706–07 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc) (holding that appellee could raise for first time on appeal complaint about appellant's failure to authenticate exhibits offered in support of motion to compel arbitration because "[a] complete absence of authentication is a defect of substance that is not waived by a party failing to object and may be urged for the first time on appeal"); *see also Perkins v. Crittenden*, 462 S.W.2d 565, 567–68 (Tex. 1970) (reversing summary judgment because copy of promissory note included in summary-judgment evidence was unverified, after recognizing that complaint regarding substantive defect could be raised for first time on appeal); *Medic Pharmacy, LLC v. AVK Properties, LLC*, No. 01-21-00447-CV, 2022 WL 2347923, at *6 (Tex. App.—Houston [1st Dist.] June 30, 2022, no pet.) (mem. op.) (recognizing that, in summary-judgment context, "[a] complete absence of authentication is a defect of substance that may be raised for the first time on appeal").

*Constant v. Gillespie*, No. 05-20-00734-CV, 2022 WL 1564555, at \*6 (Tex. App.—Dallas May 18, 2022, no pet.) (mem. op.).

A motion to compel arbitration is initially presented to the trial court in a summary proceeding on the basis of affidavits, pleadings, discovery, and stipulations. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992) (orig. proceeding); *Northpointe LTC*, 2022 WL 17835223, at \*4. "The evidentiary standards for a motion to compel arbitration are the same as for a motion for summary judgment." *In re Est. of Guerrero*, 465 S.W.3d 693, 703 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc); *see Northpointe LTC*, 2022 WL 17835223, at \*4.

"Under the summary judgment standard, copies of documents must be authenticated in order to constitute competent summary judgment evidence." *Guerrero*, 465 S.W.3d at 703 (citing *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986)); *see Heritage Numismatic Auctions, Inc. v. Stiel*, No. 05-16-00299-CV, 2016 WL 7321437, at \*2 (Tex. App.—Dallas Dec. 16, 2016, no pet.) (mem. op.) ("Before documents may be used as evidence, they must be authenticated as genuine."). When seeking to compel arbitration, a party can satisfy its evidentiary burden by submitting authenticated copies of an agreement containing an arbitration clause. *See Northpointe LTC*, 2022 WL 17835223, at \*5.

"A document is considered authentic if a sponsoring witness vouches for its authenticity or if the document meets the requirement of self-authentication." *DISH Network*, 2021 WL 3085763, at *3 (citing TEX. R. EVID. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.")); *see Northpointe LTC*, 2022 WL 17835223, at *5 ("Rule [of Evidence] 902, which addresses evidence that is self-authenticating, states that 'business records accompanied by affidavit' are 'self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted'" (quoting TEX. R. EVID. 902)). "Thus, in a summary proceeding, a properly sworn affidavit stating that the attached documents are true and correct copies of the original authenticates the copies so they may be considered as evidence." *Constant*, 2022 WL 1564555, at *6 (internal quotation marks and brackets omitted).

In their motion to compel arbitration, VLF stated that the engagement agreement between the parties contained a valid arbitration clause and represented that the engagement agreement was attached to the motion. The Association responded, correctly pointing out that VLF had offered no evidence to support its motion. VLF replied and filed exhibits that it referenced in its reply. VLF identified one of the exhibits as the VLF Engagement Agreement. The exhibit contained the arbitration clause on which VLF relies in seeking to compel the Association to

arbitrate its claims. But VLF did not submit an affidavit or other testimony to authenticate the proffered VLF Engagement Agreement or any of its exhibits.

On appeal, VLF filed a reply brief in response to the Association's appellee's brief. VLF has not, however, directed this Court to any evidence purporting to authenticate the proffered engagement agreement or any of its exhibits. Nor has VLF otherwise addressed the issue of authentication.

Instead, quoting *Kansas City Packing Box Company v. Spies*, 109 S.W. 432, 434 (Tex. App. 1908, no writ), VLF asserts that,"[f]or over 100 years, Texas law has been that 'production of a writing purporting to be an agreement by a party, complete on its face, with his signature attached, is prima facie his written agreement.'" However, the language VLF cites from *Kansas City Packing* was part of that court's discussion of whether parol evidence could be used to alter the terms of the contract in that case. *See id.* The language does not stand for the proposition that signed contracts that appear complete on their face need not be authenticated when offered as evidence.

"Simply attaching a document to a motion does not make the document admissible as evidence, dispense with proper foundational evidentiary requirements, or relieve a litigant of complying with other admissibility requirements." *LocumTenens.com, LLC v. Hanna*, No. 14-18-00739-CV, 2020 WL 897362, at *3 (Tex. App.—Houston [14th Dist.] Feb. 25, 2020, no pet.) (mem. op.). Recognizing

9

this, courts have affirmed a trial's denial of a motion to compel arbitration on the basis that the movant failed to authenticate the evidence offered to support the motion. *See, e.g.*, *Constant*, 2022 WL 1564555, at *7 (concluding that "complete absence of evidence authenticating" appellant's exhibits to its motion to compel arbitration supported trial court's denial of motion); *Guerrero*, 465 S.W.3d at 705 (holding that, because appellant did not authenticate exhibits, including arbitration agreement, trial court's denial of arbitration motion was not abuse of its discretion); *cf. Northpointe LTC*, 2022 WL 17835223, at *5 (holding that appellant "met its evidentiary burden to establish the existence of an arbitration agreement" by authenticating proffered agreement with business records declaration from its custodian of records).

Because it did not authenticate the engagement agreement or any of the evidence offered to support the motion to compel arbitration, VLF offered no competent evidence of an agreement to arbitrate and failed to meet its burden to establish the existence of an arbitration agreement. *See Constant*, 2022 WL 1564555, at *7; *Guerrero*, 465 S.W.3d at 705. Accordingly, we conclude that the trial court did not abuse its discretion in denying the motion to compel arbitration.[2] *See Constant*, 2022 WL 1564555, at *7; *Guerrero*, 465 S.W.3d at 705.

---

[2] As mentioned, the trial court did not identify the specific basis for its denial of VLF's motion to compel arbitration. VLF's failure to establish the existence of an arbitration agreement supports the trial court's order denying the motion to compel

**Conclusion**

We affirm the trial court's order denying VLF's motion to compel arbitration, and we lift our stay of the trial courts proceedings.

Richard Hightower
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

---

arbitration. Thus, we need not address VLF's other arguments challenging the order. *See* TEX. R. APP. P. 47.1.

11