In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-23-00231-CV**

**GULF & WESTERN INDUSTRIES, LLC, CARLOS EDUARDO BUCHANAN II, AND DALE EDWIN TONEY, Appellants**

**V.**

**NEW CENTURY FINANCIAL, INC., Appellee**

_____

**On Appeal from the County Court at Law No. 6**
**Montgomery County, Texas**
**Trial Cause No. 22-06-08318-CV**
_____

**MEMORANDUM OPINION**

This case is a contract dispute between a factoring company and an account seller pursuant to a factoring agreement.[1] Gulf & Western Industries, LLC, Carlos Eduardo Buchanan II, and Dale Edwin Toney (collectively "Gulf") sold accounts receivable to New Century Financial, Inc. ("New Century") pursuant to an

---

[1] Factoring is a process by which a business sells, at a discount, the right to collect money before the money is paid. *Hous. Lighting & Power Co. v. City of Wharton*, 101 S.W.3d 633, 636 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

Agreement for Purchase and Sale of Accounts ("Factoring Agreement") assigning Gulf's rights to certain invoices to New Century. After New Century received notice of Gulf's assignment, New Century paid 85% of the face value of those invoices to Gulf and then sought to collect on those unpaid invoices. When the accounts were not paid in full per the Factoring Agreement, New Century made demand upon Gulf for the unpaid balance and its fees due on those accounts under the agreement. New Century sued Gulf for breach of the Factoring Agreement and the trial court granted partial summary judgment in favor of New Century. After the partial summary judgment was granted, the parties stipulated to the attorney's fees and the trial court signed a final, appealable judgment. Gulf appeals the trial court's Final Judgment in favor of New Century. We affirm the trial court's judgment.

BACKGROUND

On December 11, 2019, Gulf signed a Factoring Agreement with New Century which provided Gulf with immediate funds while awaiting collection of the outstanding accounts receivable or invoices. *See* Tex. Bus. & Com. Code Ann. § 9.406(a). Pursuant to the Factoring Agreement, New Century paid Gulf 85% of the face value on the accounts and reserved 15% of collections to New Century from which New Century would be paid a purchase fee equal to 1.50% of the face amount of the purchased account for the first thirty days the account remained outstanding and unpaid. If the account purchased by New Century was not paid within thirty

2

days, New Century was to be paid an additional purchase fee of 0.05% of the face amount of the purchased account for every day, or portion thereof, that the purchased account balance remained outstanding. On the other hand, in the event the purchased account was paid-in-full within the thirty-day period, New Century would receive the 85% advance rate it paid to Gulf and the additional 1.50% purchase fee, based upon the original account balance, and New Century would pay Gulf the difference between the amount collected on the purchased account minus the 85% fee and the 1.50% purchase fee. For example, if a $100,000 account receivable was purchased from Gulf, then New Century would pay Gulf $85,000 up front. If the account debtor (customer of Gulf) paid New Century the balance due of $100,000 within thirty days, New Century would keep the $85,000 it already paid Gulf, plus $1,500 as the 1.50% purchase fee, and pay Gulf $13,500 out of the monies collected. If the account became 31 days past-due, New Century would charge another 0.05% purchase fee for every day until the balance was paid-in-full.

Two of Gulf's principal members, Carlos Eduardo Buchanan II ("Buchanan") and Dale Edwin Toney ("Toney") also signed personal guaranty agreements, separate and apart from the Factoring Agreement, personally guaranteeing payment of any debts owed under the Factoring Agreement. When some of the debtor accounts were not fully paid, New Century made demand for payment on Gulf. After additional payments were received, a balance was still due on the accounts. New

3

Century then filed an Original and First Amended Petition seeking damages from Gulf for breaching the contract and failing to pay amounts owed under the Factoring Agreement.

In their First Amended Petition, New Century alleged that Gulf breached the Factoring Agreement and that New Century had sustained actual damages of at least $166,320.83 and costs, attorney's fees, and prejudgment and post judgment interest. Thereafter, New Century filed a Motion for Summary Judgment, asserting a total owed of $166,320.83 in damages. New Century's summary judgment explained that Gulf owed a balance of $114,639.09 for uncollected account funds New Century had advanced to Gulf, and additional purchase fees on those advances in the amount of $51,681.74. New Century argued Gulf was obligated to pay New Century under the terms of the Factoring Agreement. New Century further alleged that, since Gulf breached the contract by failing to pay, New Century was entitled to attorney's fees and costs.

New Century's summary judgment evidence includes the affidavit of Nel Somarriba, its President, which set forth an account analysis and incorporates by reference the Factoring Agreement executed by Gulf, as well as each Continuing Guaranty & Waiver signed by Buchanan and Toney. The exhibits include a demand letter from New Century to Gulf demanding payments owed based on the Factoring

4

Agreement; a summary of the Gulf account with New Century; and an attorney's fee affidavit executed by New Century's attorney in support of its attorney's fee claim.

Before the motion for summary judgment was filed, Gulf filed an Original Answer consisting of a general denial and asserted no affirmative defenses. In its traditional Motion for Summary Judgment, New Century argued that it was entitled to summary judgment because there were no genuine issues of material fact and New Century was entitled to a judgment as a matter of law. New Century sought a judgment on its breach of contract claim under the Factoring Agreement and breach of the guaranty agreements by the individual guarantors. Gulf filed a response to the motion containing a one-page affidavit, signed by Buchanan, averring that he did not understand how New Century arrived at the amounts owed under the Factoring Agreement, and alleging that neither he, nor Gulf, "agreed" to the fees of $51,681.74 and that he did not know how these "fees" were calculated. Gulf objected to New Century's evidence alleging it "contains factual conclusions[]" that are not competent summary judgment evidence. This appeal ensued.

## ANALYSIS

In two issues, Gulf complains the trial court erred by: (1) failing to sustain its objections to New Century's summary judgment evidence; and (2) granting partial summary judgment because there were genuine issues of material fact.

5

We review a trial court's ruling on an objection to summary judgment evidence for an abuse of discretion. *Hinojosa v. Koen*, No. 04-18-00907-CV, 2019 Tex. App. LEXIS 9707, *5 (Tex. App.—San Antonio Nov. 6, 2019, pet denied) (mem. op.) (citing *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (per curiam). "A trial court abuses its discretion if its ruling is arbitrary or unreasonable or without reference to any guiding rules or principles." *Id.*

We review summary judgment orders de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The party moving for traditional summary judgment must establish that (1) no genuine issue of fact exists, and (2) it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). If the moving party produces evidence entitling it to summary judgment, the burden shifts to the non-movant to present evidence that raises a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In determining whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We review the summary judgment record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). When the trial court fails to specify the grounds on which it granted summary judgment, we must affirm if any

of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000) (citation omitted); *VanVelzer v. Am. Builders & Contractors Supply Co.*, No. 09-23-00066-CV, 2025 Tex. App. LEXIS 1027, **4-5 (Tex. App.—Beaumont Feb. 20, 2025, no pet.) (mem. op.) (citation omitted).

<u>New Century's Motion for Summary Judgment Evidence</u>

We first determine whether the trial court erred in denying Gulf's objection to New Century's summary judgment evidence. Gulf objected to the calculation of the principal amount due in the affidavit attached to New Century's motion claiming the amounts are conclusory evidence without foundation and supporting facts, and argued the interest charged appears to be excessive and there are fact issues on the fee amounts due. Attached to New Century's motion for summary judgment is the affidavit of Nel Somarriba, which incorporates the "Client Summary Report" showing a balance of "net funds employed" in the amount of $114,639.09 which was explained as the amount of funds advanced to Gulf for the accounts factored by New Century. In addition, the Client Summary Report shows there were $51,681.74 in accrued fees due under the agreement as set forth in section 20 of the Factoring Agreement. The Factoring Agreement, which was incorporated into and explained by Somarriba in his affidavit, provides the formula to determine the amounts owed on the factored accounts, and those amounts are included and based on the Client

7

Summary Report dated March 2, 2022. The Client Summary Report shows the balance of factored accounts at $135,421.54, and 85% of that amount comes to $114,639.09, which was identified as the principal balance. Somarriba then applied the accrued fees, based on the 1.50% purchase fee on uncollected amounts during the first thirty days, and another 0.05% on uncollected amounts more than thirty days past due to arrive at the $51,681.74. These figures combined, according to New Century, comprise the amounts owed under the Factoring Agreement as of March 2, 2022, shortly before suit was filed.

Gulf failed to obtain a ruling from the trial court regarding its objections to New Century's summary judgment evidence. To preserve a complaint for appellate review, a party must (1) complain to the trial court by way of "'a timely request, objection, or motion; and (2) the trial court must rule or refuse to rule on the request, objection, or motion.'" *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 164 (Tex. 2018); *see* Tex. R. App. P. 33.1(a). The record contains no ruling from the court on Gulf's objections and they are, therefore, waived. *See Seim*, 551 S.W.3d at 164; *see also* Tex. R. App. P. 33.1(a). We overrule Gulf's first issue.

## The Granting of Summary Judgment

We next determine whether New Century was entitled to judgment as a matter of law on its claims that Gulf breached the Factoring Agreement and owes the amounts to New Century. In determining whether New Century met its burden, we

8

view the evidence in the light most favorable to Gulf, disregarding all conflicts in the evidence and taking as true all evidence favorable to Gulf. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995). We must indulge every reasonable inference in Gulf's favor and resolve any doubts in Gulf's favor. *See Nixon*, 690 S.W.2d at 549. We consider evidence that supports New Century's position only if such evidence is uncontroverted. *See Great Am. Rsrv. Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965); *Procter v. RMC Cap. Corp.*, 47 S.W.3d 828, 830 (Tex. App.—Beaumont 2001, no pet.).

The Factoring Agreement shows that New Century agreed to purchase certain accounts of Gulf during the period of December 11, 2019 through March 2, 2022. According to the summary judgment evidence submitted by New Century, as of March 2, 2022, the balance due amounted to $114,639.09, and the fees due on that date were $51,681.74. Gulf's summary judgment evidence did not controvert the contract or that it owed money under the contract. In his affidavit for Gulf, Mr. Buchanan simply states "I have no idea how these 'fees' were calculated." Although he says that Gulf did not agree to the fees, the Factoring Agreement expressly set forth that Gulf would owe additional fees and provided the formula for the calculation of the fees. Buchanan does not deny that Gulf is bound by the Factoring Agreement that he signed, nor does he deny that he is bound by the guaranty he

9

signed. Gulf has no pleading on file alleging any affirmative defenses. Buchanan's affidavit, which is the only evidence submitted by Gulf, does not controvert New Century's evidence of the existence of the Factoring Agreement, the terms of the Factoring Agreement, or the calculations Somarriba made based on that agreement. The evidence submitted by New Century was clear, positive, direct, free from contradictions and inconsistencies, and could have been readily controverted. *See Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607, (Tex. 1986) ("A summary judgment may be based on the uncontroverted affidavit of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166-A(c)). Based upon the uncontroverted evidence before the trial court on summary judgment, we overrule Gulf's second point of error.

Having overruled both of Gulf's issues, we affirm the trial court's Final Judgment in favor of New Century.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on April 3, 2025
Opinion Delivered April 17, 2025

Before Johnson, Wright and Chambers, JJ.

10