W. D. AMASON et ux., Appellants,

v.

Walter J. WOODMAN et al., Appellees.

No. 5170.

Court of Civil Appeals of Texas,
Waco.

Aug. 10, 1972.

Rehearing Denied Sept. 21, 1972.

Ben D. Sudderth, Commanche, for appellants.

Walter J. Woodman, Dallas, Tom Crum, Waxahachie, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Amason, et al, from judgment decreeing land owned by them, subject to restrictive covenants; and ordering defendants to remove a mobile home from their property.

Plaintiffs Woodman, et al, brought this suit to enforce restrictive covenants prohibiting trailer houses on real property owned by defendants Amason, et al. Trial was to the court which rendered judgment decreeing the defendants' land subject to such restrictive covenants; that a release of the land from such covenants was invalid; permanently enjoining defendants from violating the restrictions, and ordering defendants to remove a mobile home from their property.

Defendants appeal on 2 points, contending "the evidence established as a matter of law that defendants were bona fide purchasers for value without notice".

Restrictive covenants were placed on Grande Casa Ranchitos No. 2, comprising 371.249 acres, by the owners Tom Sewell, Jane Sewell, Ben Atwell, and A. M. Bryan on February 15, 1968, and recorded in the Deed Records of Ellis County. Such restrictions prohibited " * * * house trailers * * * unless enclosed in a building or out of sight behind a screening fence at least 6 feet high and constructed of materials that cannot be seen through". Thereafter on June 28, 1968, Tom Sewell, Jane Sewell, Ben Atwell, and A. M. Bryan executed "a Release of Restricting Covenants", releasing from the restrictive covenants executed on February 15, 1968, the 8.34 acre tract, now owned by defendants. Such release was recorded in the Deed Records of Ellis County on July 16, 1968. The two Sewells, Atwell and Bryan were the only owners of record of Grande Casa Ranchitos No. 2 on the date of the execution of the release of the 8.34 acre tract.

Defendants purchased the 8.34 acres on September 23, 1969 for a valuable consideration.

After February 15, 1968, and before June 28, 1968, the owners of Grande Casa Ranchitos made contracts to sell lots in the subdivision to Donnie L. Self and wife; Albert Terry Sitz and wife; and Henry Truman McFadin and wife, which were never recorded in the Deed Records of Ellis County, but which contracts are in evidence in this case.

Defendants testified they had no knowledge of any contracts to purchase any tracts in the subdivision which may have been outstanding on the date of the release of the restrictive covenants, and further that they had a lawyer to check the deed records of Ellis County for records that might pertain to the tract they purchased.

There is in evidence that an instrument was duly filed and recorded in the Deed Records of Ellis County on December 2, 1968, which recites " * * * the only tracts sold under contract of sale were to * * * Henry Truman McFaddin and wife * * * Albert Terry Sitz and wife * * * Paul C. Vandiver and wife * * * Sammie Ray Dowell and wife * * * Donnie L. Self and wife * * * Billy R. Jones and wife * * * ".[1]

---

1. Had this entire instrument been introduced in evidence (a copy of the entire instrument appears in the transcript) it would have established defendant had constructive notice of the contracts of sale. Smith v. Bowers, Tex.Civ.App. (NWH) 463 S.W.2d 222.

Those with contracts to purchase tracts in the subdivision were beneficial owners with equitable title. Leeson v. City of Houston, Tex.Com.App., 243 S.W. 485, 489; and some of the owners of property in a restricted subdivision may not release such restrictions without the concurrence of the others who own property in the subdivision. Smith v. Williams, Tex., 422 S. W.2d 168.

Thus since those with contracts to purchase lots in the subdivision did not join in the June 28, 1968, release, it is ineffective to release the 8.34 acres from the restrictive covenants, if a purchaser had either constructive or actual notice of same.

But since the contracts of sale were not of record, defendants did not have constructive notice that such release was ineffective.

Defendants assert that they were bona fide purchasers without actual notice as a matter of law. The only evidence that defendants had no knowledge of the outstanding contracts of sale was the defendants' own testimony. There is in evidence the contracts of sale of lots in the subdivision to Self, Sitz and McFadin, made prior to the release of the restrictions, and the excerpt from the instrument recorded in the Deed Records of Ellis County, recorded before defendants purchased the 8.34 acre tract, reflecting contracts of sale to Self, Sitz, and McFadin.

Defendants were interested witnesses. The trial judge had the right to pass on the credibility of such witnesses and the weight to be given their testimony. Simmonds v. St. Louis, B & M Ry., 127 Tex. 23, 91 S.W.2d 332. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904. We think under the record he was authorized to believe that defendants did not carry their burden to establish that they had no actual notice.

All defendants' points have been considered and are overruled.

Affirmed.