W. D. AMASON et al., Petitioners,

v.

Walter J. WOODMAN et al., Respondents.

No. B–3655.

Supreme Court of Texas.

May 2, 1973.

Ben D. Sudderth, Comanche, for petitioners.

Walter J. Woodman, Waxahachie, for respondents.

POPE, Justice.

Plaintiff, Walter J. Woodman, instituted this suit as a class action to enforce a restrictive covenant which prohibits mobile homes in a subdivision known as Grande Casa Ranchitos No. 2 in Ellis County. The trial court granted plaintiffs' prayer for injunction that defendants W. D. Amason and wife and Wayne O. Glick and wife permanently move their mobile home from their eight-acre lot. The court of civil appeals affirmed the judgment of the trial court. 484 S.W.2d 594. The only question presented is whether, as held by the court of civil appeals, the defendants had the burden to prove that they did not possess actual knowledge of certain unrecorded contracts of sale which were executed prior to a release of defendants' lot from the restrictive covenants by the original

subdivision owners. We hold that the burden of proof was on the plaintiffs. We reverse the judgments of the courts below.

On February 28, 1968, Tom and Jane Sewell, Ben Atwell and A. M. Byram owned 371.2 acres of land in Ellis County. On that date they recorded a set of restrictive covenants on the land, one of which prohibited the use of house trailers on the land. Between May 11 and June 23, 1968, the owners sold three lots by contracts for deed to the Sitzs, McFadins and Selfs. None of those contracts was recorded. One June 28, 1968, all of the original owners of the subdivision executed and recorded a release of the restrictions insofar as they affected the eight-acre lot which is here in question. Those persons holding under the unrecorded contracts for deed did not join in the release. Tom and Jane Sewell then purchased the released lot on November 25, 1968, and they recorded their deed. The Sewells sold their lot to Wayne Glick on September 23, 1969, and in December, 1971, he moved a mobile home onto the lot. The Glicks' daughter, Mrs. Amason and her husband, were living in the mobile home at the time of trial. Plaintiff Woodman obtained his deed to a seven-acre lot in the subdivision on May 6, 1971.

Plaintiffs' proof consisted of the recorded restrictive covenants which reached the original 371 acres of land, the subsequent deed from the original owners to Woodman of a seven-acre lot within the subdivision, the several unrecorded contracts for a deed, and the fact that the defendants had moved a mobile home onto their eight-acre lot which was within the original 371-acre subdivision. The defendants then proved the release of the original restrictive covenants as to their eight-acre lot and their deed which was executed after the release was recorded. They proved that they purchased their lot for $8,902.09 and assumed a lien in the sum of $13,597.91. They denied any knowledge of the unrecorded contracts and asserted their belief that their lot was released from the restrictions.

After the defense rested, plaintiffs offered in evidence, for impeachment purposes only, part of an affidavit which was recorded on December 2, 1968, in the Ellis County Clerk's office. The only part of the recorded affidavit which plaintiffs introduced is the one sentence:

The only tracts sold under contracts of sale were as described by an unrecorded survey plat as Tract 1 of 4.718 acres sold to Henry Truman McFadin and wife, Mary Jane McFadin; Tracts No. 6 and 7 of 7.500 acres sold to Albert Gerry Sitz and wife, Ruby Nell Sitz; Tract No. 10 of 2.500 acres sold to Sammie Ray Dowell; Tract No. 29 of 3.178 acres sold to Danny L. Self and wife, Gloria J. Self; and Tract No. 30 of 4.317 acres sold to Billy R. Jones, and wife, Barbara Jones.

■ The plaintiffs rely upon the rule that a release of restrictive covenants is not effective unless all persons who own property in the restricted subdivision join in the release. Smith v. Williams, 422 S.W.2d 168 (Tex.1967); Farmer v. Thompson, 289 S.W.2d 351 (Tex.Civ.App.1956, writ ref'd n. r. e.). They assert that the release was ineffective, because there were three persons who held equitable title to lots in the subdivision who failed to join in the release upon which the defendants relied. The defendants say that they purchased their eight-acre lot for value and they took without notice of the non-joinder of the equitable owners. See Clark, Real Covenants and other Interests which "RUN WITH LAND" (1947).

■ Contrary to the holding of the court of civil appeals, the plaintiffs had the burden to prove that the defendants purchased their lot with actual or constructive notice that the owners of equitable title failed to join in the release. The general rule in Texas, in other areas of the law, is that the one who relies upon an equitable title to land as against a subsequent owner of the legal title assumes the burden of showing that the latter is not an inno-

**144**

cent purchaser for value without notice. Teagarden v. R. B. Godley Lumber Co., 105 Tex. 616, 154 S.W. 973 (1913); Gillian v. Day, 179 S.W.2d 575 (Tex.Civ.App.1944, writ ref'd); Ratcliffe v. Mahres, 122 S. W.2d 718, 723 (Tex.Civ.App.1938, writ ref'd); Lange, 4 Texas Practice, Land Titles § 465 (1961). This court in Curlee v. Walker, 112 Tex. 40, 244 S.W. 497 (1922), stated that the correct rule governing restrictive covenants is stated in Hooper v. Lottman, 171 S.W. 270 (Tex.Civ.App. 1914, no writ), wherein the court wrote in part:

> So the general rule may be safely stated to be that where there is a general plan or scheme adopted by the owner of a tract, for the development and improvement of the property by which it is divided into streets and lots, and which contemplates a restriction as to the uses to which lots may be put, or the character and location of improvements thereon . . . a purchaser and his assigns may enforce the covenant against any other purchaser, and his assigns, *if he has bought with actual or constructive knowledge of the scheme, and the covenant was part of the subject-matter of his purchase.* (Emphasis added.)

The plaintiffs failed to prove that the defendants purchased their lot with either constructive or actual notice that there were some owners of equitable title to land within the subdivision who failed to join in the release of the restrictions. Plaintiffs relied upon the one sentence of the affidavit, but it was not proof either of constructive or actual notice to defendants. The sentence does not locate any lands by survey, subdivision or county. It does not disclose the author of the affidavit. There is no other proof that the defendants possessed actual notice of the contracts for deed. We conclude that the plaintiffs failed to discharge their burden to prove that the defendants were not good faith purchasers of their lot.

The judgments of the courts below are reversed, and judgment is here rendered dissolving the permanent injunction.