Ralph S. GORDY, et ux., Appellants,

v.

Roy L. MORTON, et al., Appellees.

No. B2697.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 29, 1981.

Law Offices of C. Mann Gregg, Texas City, for appellants.

Emory T. Carl, Carl, Lee & Fisher, Jim Hamilton, Houston, for appellees.

Before PRESSLER, MURPHY and ROB-ERTSON, JJ.

PAUL PRESSLER, Justice.

Appellants claim ownership of real property in Galveston county in a trespass to try title action and also ask for cancellation of a deed given by appellants to two of the appellees, James M. Raimer and Roy L. Morton. Appellants assert that this deed and a reconveyance deed from Raimer and Morton to appellants were part of an arrangement to secure payment by Raimer and Morton of a promissory note for $313,-934.40 to appellants. Both of the deeds and the promissory note are dated December 26, 1970. Only the deed from appellants to Raimer and Morton was recorded at that time.

By deed dated March 22, 1971, Raimer and Morton conveyed the property to Management Diversified, Inc. with a vendors lien for $40,000.00 to Mainland Savings Association. On the same date a deed of trust was executed securing the loan. On June 24 Management Diversified mortgaged the property to appellee, Surety Savings and Loan Association, to secure a loan of $60,-000 and repaid the Mainland loan. Mainland's lien was released on June 30.

Management Diversified defaulted on the promissory note to Surety Savings. Surety Savings then instituted foreclosure proceedings under the deed of trust. On December 7, the property was sold at a substitute trustee's sale and purchased by Surety Savings for $68,815.12.

On May 19, 1972 appellants filed the deed reconveying the property from Raimer and Morton. On August 14, this suit was filed, and on August 18, appellants filed a lis pendens notice. On August 23, Surety Savings conveyed the property to appellee Robert Strybos, Trustee.

Trial was to the court without a jury on September 23, 1980. Surety Savings and Strybos appeared. Raimer and Morton, although having answered, did not appear. Appellants made an oral motion for continuance based upon Morton's absence. It was denied. Judgment was entered on October 7, 1980 granting appellant relief against Raimer and Morton on the promissory note but denying their claim to the property and

cancelling the lis pendens. Appellants appeal such denial and cancellation. No findings of fact or conclusions of law were requested and none were filed.

■ Appellants assert that they had an equitable lien and, therefore, title should have been vested in them. The trial court found that appellants had an equitable lien. That point is not in contention. The questions are whether Surety Savings took superior title and whose burden it was to prove title. In a contest between the owner of an equitable right or title and the holder of legal title, the burden of proof as to good faith and consideration is upon the party asserting the equitable right and not upon the subsequent purchaser of legal title. *Teagarden v. R. B. Godley Lumber Co.*, 105 Tex. 616, 154 S.W. 973 (1913); *Amason v. Woodman*, 498 S.W.2d 142 (Tex.1973), cert. denied, 414 U.S. 1066, 94 S.Ct. 574, 38 L.Ed.2d 471 (1973); *Burden of Proof in Priority Problems*, X BAYLOR L.REV. 42 (1958).

■ Appellants must show that Surety Savings acquired its rights with notice, actual or constructive, of the outstanding equitable right. There is nothing in the record to show either actual or constructive notice. The evidence shows Surety Savings to be a bona fide mortgagee. *Von Hutchins v. Pope*, 351 S.W.2d 642 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.); *Lyday v. Federal Land Bank of Houston*, 103 S.W.2d 441 (Tex.Civ.App.—Texarkana 1937, writ dism'd); *Graves v. Guaranty State Bank*, 161 S.W.2d 118 (Tex.Civ.App.—Texarkana 1942, no writ); *Barrett v. Eastham Bros.*, 86 S.W. 1057 (Tex.Civ.App. 1905, no writ).

Surety Savings, as a bona fide mortgagee, acquired its title free from the undisclosed equities by which Raimer and Morton may have been bound. *Foster v. Buchele*, 213 S.W.2d 738 (Tex.Civ.App.—Fort Worth 1948, writ ref'd n.r.e.).

■ Appellants further claim that under article 6643 Tex.Rev.Civ.Stat.Ann. (Vernon 1969) and with the filing of the lis pendens, the burden of proof was upon Surety Savings and Strybos to establish that they were good faith purchasers. Appellants claim that this burden was not met. Article 6643 does not apply to Surety Savings. Surety Savings purchased the property at the foreclosure sale in December of 1971, some eight months before the lis pendens notice was filed.

■ Appellants' contention as to Strybos would have merit if he were claiming title solely under the lis pendens statute as a pendente lite purchaser on an independent basis. However, Strybos is claiming title through Surety Savings and is entitled to stand in its position. Strybos derives his rights through Surety, the one from whom he takes title. *Hall v. Wilson*, 215 S.W.2d 204 (Tex.Civ.App.—Texarkana 1948, writ ref'd n.r.e.); *Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d 768 (Tex.1979). Although Strybos had constructive notice since the lis pendens was filed, that is immaterial because title had vested in Surety Savings in December, 1971.

■ Appellants contend that Morton's testimony was crucial and that their motion for continuance should have been granted. Although, the rule under which appellants argue is not clear from the record, both Rule 251 and Rule 252 Tex.R.Civ.P. require an application be accompanied by an affidavit setting forth sufficient cause. No written motion or affidavit was filed. The denial of the continuance was thus within the discretion of the court. It will be presumed, in the absence of a showing to the contrary, that the court has not abused its discretion. *D___ F___ v. State*, 525 S.W.2d 933 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). Appellants contend that Morton would have testified to the effect, intent and purpose of the instruments executed on December 26, 1970. As previously stated, that point is not in contention. If Morton were to have testified on the matter of notice to Surety Savings, his testimony could have been material. Appellant made no contention that he would testify on such matter. The trial court did not abuse its discretion under these facts.

The judgment is affirmed.