COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| WBL SPO I, LLC, WBL SPO II, LLC and ALBERT ADEL SHEHATA, | § § § § | No. 08-23-00217-CV Appeal from the |
| Appellants, | § | 109th District Court |
| v. | § | of Andrews County, Texas |
| UNITED HOTELS, LLC and GHADA GLAESSNER, | § § | (TC# 21,913) |
| Appellees. | § | |

## MEMORANDUM OPINION

This case stems from a dispute between a limited liability company and its managing member. The underlying lawsuit alleged the manager conveyed title of company-owned real property—without proper consent or adequate consideration—to a company he solely owned. Third-party lien holders subsequently intervened. After striking one lienholder's petition, the trial court disposed of all claims on motions for summary judgment. On appeal, we affirm in part, reverse in part, and remand for further consideration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee United Hotels, LLC, was formed in 2014. The company's six initial investors pledged $500,000 in total capital. Appellant Albert Adel Shehata, a founding member, served as

the company's organizer and managing member. A month after formation, United Hotels purchased nearly six acres of real property in Andrews County, Texas (the Property).[1]

In March 2020, United Hotels filed suit against defendants, The Dream For Investment, LLC (TDFI), Albert Shehata (Shehata), and Nada Adel Shehata.[2] It alleged its members discovered that Shehata had executed a general warranty deed on behalf of United Hotels conveying title of the Property to a separate entity known as TDFI. It alleged it did not authorize the sale and discovered it only after the fact. Further investigation revealed that Shehata owned and operated TDFI, which was formed in June 2019, and Shehata's daughter, Nada Adel Shehata, was registered as its chief executive officer. United Hotels asserted Shehata breached his fiduciary duties; all three defendants committed a violation of the Texas Theft Liability Act and civil conspiracy; and it sought a judgment declaring that Shehata's deed to TDFI, which was executed on United Hotels' behalf, was void and of no legal effect. Lastly, United Hotels sought attorney's fees and court costs.

United Hotels moved for traditional summary judgment on its claims against TDFI and the Shehatas.[3] Attached as evidence were: (1) an affidavit from Bassem Georgy, one of United Hotels' six members; (2) the deed conveying the Property to TDFI; (3) United Hotels' Operating Agreement and Articles of Organization; and (4) an affidavit in support of United Hotels' claim for attorney's fees. None of the defendants filed a summary judgment response. A week prior to

---

[1] The following is the legal description of the Property: All of Lot 1, SAVE AND EXCEPT the East 660 Feet, and All of Lots 2 and 3, SPIKES SUBDIVISION, an addition to the City of Andrews, Andrews County, Texas, according to a map or plat recorded in Volume 4, Page 10, Plat Records of Andrews County, Texas.

[2] Nada Adel Shehata is not a party to this appeal.

[3] United Hotels later amended its petition to add Axos Bank as a putative, in rem party-defendant, based on its lienholder status. Later, when United Hotels pursued a summary judgment, it dropped Axos Bank from the style of the case, and it presented no ground for summary judgment regarding any lien held by Axos Bank. Axos Bank is not a party to this appeal.

the hearing on the summary judgment motion, WBL SPO I, LLC, filed a petition in intervention alleging it had a justiciable interest in the suit as an assignee of a deed of trust executed on the Property.

The trial court granted partial summary judgment in favor of United Hotels, imposing joint and several liability against all defendants. The order also declared that the deed to TDFI was "invalid, void and of no legal effect," and that TDFI and the Shehatas were liable for breach of fiduciary duty, violations of the Texas Theft Liability Act, and attorney's fees.

United Hotels then amended its petition to include an action for declaratory judgment as to intervenor WBL SPO I's title claim. United Hotels asserted that, because the trial court had ruled that the transfer of title from it to TDFI was void and of no legal effect, it followed from that ruling that WBL SPO I held no valid lien on the Property. United Hotels next filed a traditional and no-evidence motion for summary judgment against WBL SPO I's claim. In support, United Hotels relied on: (1) an unsworn declaration by United Hotel member, Ahmed Hag, verifying the evidence; (2) a copy of an order granting summary judgment in a different case brought by Ghada Gamal Glaessner[4] against United Hotels; and (3) the prior order granting partial summary judgment entered in this case which declared that the deed from Shehata to TDFI was invalid, void and of no legal effect.

WBL SPO I did not respond to United Hotels' motion for summary judgment. Instead, a sister entity, WBL SPO II, appeared and filed both a "First Amended Petition in Intervention," and a response to the motion. WBL SPO II objected to United Hotels' motion for summary judgment urging that United Hotels' and Glaessner's two prior summary judgment orders could not be enforced against WBL SPO II as it was not a party of the suit at the time the orders were issued.

---

[4] United Hotels represented that Shehata borrowed $200,000 from Glaessner in the name of United Hotels and defaulted on the loan. Glaessner brought a fraudulent transfer lawsuit against United Hotels where she obtained a summary judgment declaring void "the sale, transfer and/or conveyance of the Property" to TDFI.

The response also attached: (1) a purported chain of title for the Property; (2) Glaessner's abstract of judgment; and (3) a declaration of Albert Shehata, averring that he received written and signed consent of "a supermajority members and supermajority percentage of [United Hotels] authorizing the transfer of [the Property] from United Hotels to [TDFI]." United Hotels countered with a reply and motion to strike WBL SPO II's intervention on the ground that it lacked standing.

In its rulings, the trial court struck WBL SPO II's intervention and it granted summary judgment in United Hotels' favor. Jointly, WBL SPO I and WBL SPO II (collectively, the WBL SPO Intervenors) moved for reconsideration. Their motion attached a certified copy of a deed from Andrews County reflecting WBL SPO II as the current assignee of TDI's deed of trust. The trial court denied reconsideration.

The WBL SPO Intervenors appealed the trial court's judgment quieting title in United Hotels' favor and against them, as well as its ruling striking WBL SPO II's intervention. Separately, Shehata filed a notice of appeal challenging the summary judgment rendered on United Hotels' claims brought against him in his individual capacity.[5]

## II.  STANDARD OF REVIEW

We review a trial court's summary judgment ruling de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment, the movant must show there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). "If the movant meets that burden, the burden shifts to the nonmovant to present evidence raising a fact issue, but the burden does not shift if the movant does not satisfy its initial burden." *Wal-Mart Stores, Inc. v. Xerox State & Local Sols., Inc.*, 663 S.W.3d 569, 583 (Tex. 2023).

---

[5] United Hotels and Glaessner each filed separate appellee briefs, while Glaessner joined in United Hotels' brief.

To prevail on a no-evidence summary judgment, the movant must state the elements as to which there is no evidence. Tex. R. Civ. P. 166a(i). The burden then shifts to the nonmovant to produce evidence raising a fact issue on the challenged elements. *Id.* "[A] no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). When a party moves for both a traditional and a no-evidence summary judgment, we first review the trial court's summary judgment under the no-evidence standard of Rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

The standard of review for a motion to reconsider a prior summary judgment is abuse of discretion. *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The trial court "generally has no obligation to consider further motions on the issues adjudicated by the summary judgment." *Id.* "An abuse of discretion will not be found if the movant cites no additional evidence 'beyond that available to him' when the first summary judgment was granted." *Id.*

## III. Shehata's Appeal

In three issues, Shehata contends the trial court erred in granting summary judgment in favor of United Hotels on its claims against him and on his request for declaratory judgment. First, he argues the trial court erred by relying on a defective and conclusory affidavit. Second, he maintains that United Hotels failed to provide evidence establishing that Shehata lacked authority to transfer the property in question. Third, he maintains the trial court erred by finding that United Hotels had satisfied all elements required of a traditional summary judgment rendered against him as to breach of fiduciary duties and misappropriation under the Theft Liability Act.

5

We group the first and second issues together, as they both relate to the validity of the transfer of the Property's title. The remaining issue focuses solely on the causes of action brought against Shehata individually, which we address in turn.

### A. Transfer of title

#### (1) Is Georgy's affidavit substantively defective?

Shehata contends Georgy's affidavit is conclusory and fails to provide substantive proof supporting United Hotels' claim that he lacked authority to transfer title of the Property to TDFI.

Summary judgment evidence must be presented in a form that would be admissible at trial. *Hou–Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th Dist.] 2000, no pet.). An order granting summary judgment on the movant's claims "may be based on the uncontroverted affidavit of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986) (per curiam); Tex. R. Civ. P. 166a (same). Conclusory statements are "not credible or susceptible to being readily controverted, and therefore will not support a summary judgment." *Houle v. Casillas*, 594 S.W.3d 524, 560 (Tex. App.—El Paso 2019, no pet.).

Georgy's affidavit begins with foundational statements describing that he had "personal knowledge of the facts stated herein;" that he was a member of United Hotels; that he was a "duly authorized representative;" and that he was a custodian of the company's business records. Relevant to the suit, Georgy details: "The members of United Hotels were not aware of the sale of the Property until the sale was discovered months later, nor had the members authorized the sale of the Property." Providing more, he says: "After investigating the above-referenced transaction and the financial records of United Hotels, it was discovered that United Hotels received no consideration for the conveyance of the Property to TDFI." Georgy attests that United Hotels'

6

other members reviewed TDFI's public filings with the California Secretary of State and discovered this new entity was formed by Shehata weeks before the transfer of the Property, and Nada Shehata served as its CEO. The company's operating agreement was also attached with the summary judgment evidence, and it provides that members are allowed "complete" access to company records.

In challenging the sufficiency of the affidavit, Shehata contends it is conclusory. He argues that no underlying facts were asserted or adduced regarding the members' awareness of the sale of property, or whether any member had authorized its sale. He complains the affidavit neither identifies the financial records reviewed nor does it name the members who participated in that review. In support, he relies on three cases wherein statements were deemed conclusory in a variety of contexts. First, in *Cantu v. Salcedo*, No. 04-07-00161-CV, 2007 WL 2608369, at *3 (Tex. App.—San Antonio 2007, no pet.) (mem. op.), a plaintiff submitted an affidavit containing a statement asserting, "[w]e have made all payments that were required to be made . . . ." There, the San Antonio court found the statement lacking because no underlying facts as to amounts or dates were included in support of the assertion and no documents were attached. *Id*. Second, in *Harley Rogers P'ship v. Quick Roofing, LLC*, No. 04-21-00030-CV, 2022 WL 2230954, at *2 (Tex. App.—San Antonio June 22, 2022, no pet.), an affidavit in support of a motion for summary judgment stated that "[movant] provided the services and materials specified[.]" The San Antonio court determined the statement was "conclusory and self-serving," based on its failure to set forth underlying facts. *Id*. Third, in *Bernardo Tarin Godoy, M.D. v. Christina Cruz, M.D.*, No. 08-03-00120-CV, 2003 WL 22923642, at *5 (Tex. App.—El Paso Dec. 11, 2003, no pet.) (mem. op.), this Court sustained a complaint about an affidavit that included a statement providing an "investigation uncovered possible violations of [an entity's] bylaws, policies, rules and regulations" without identifying the actual provisions that were violated. Based on these

7

authorities, Shehata contends the challenged affidavit was conclusory and substantively defective as summary judgment evidence. We disagree.

As provided by Rule 166a(c): "a summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c). This provision was interpreted by the Texas Supreme Court in *Republic*, 717 S.W.2d at 607, which is a case involving a dispute about an aircraft lease. There, as is true here, an affidavit of a company's manager was presented as the only summary judgment proof and the nonmovant filed no response in opposition. *Id.* In support of a breach of contract claim, the relevant portion of movant's affidavit asserted that lessee had failed to make certain payments due on the lease. *Id.* Because that assertion was readily controvertible, and the lessee failed to controvert it in response, the Court reversed the court of appeals judgment and affirmed the trial court's grant of summary judgment favorable to the movant. *Id.*

Here, Georgy's affidavit clearly and directly states that United Hotels' members did not authorize the transfer of its sole asset in accord with the company's operating agreement, which was also attached. Given his managerial role, this assertion could have been readily and effectively controverted by Shehata himself. *See Trico Techs. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997) (per curiam) ("'Could have been readily controverted' does not mean that the summary judgment evidence could have been easily and conveniently rebutted, but rather indicates that the testimony could have been effectively countered by opposing evidence."). The company's operating agreement provides that the required "prior written approval" must be in writing, and all company records related to internal affairs must be kept by the manager for at least four years. In answering the suit, Shehata acknowledged he acted as a manager of United Hotels, and he possessed relevant records of the business. The record here establishes Shehata had ample ability to controvert

8

Georgy's assertion that Shehata lacked the written consent of the company's members at the time he transferred title of the Property to TDFI.

We conclude that Georgy's affidavit included underlying facts and information sufficient to shift the burden to Shehata to produce summary judgment evidence showing prior written approval for the transfer of title. Shehata failed to file a controverting response. Given the affidavit could have been readily controverted, we conclude the trial court did not err in considering it as uncontroverted summary judgment evidence.

We overrule Shehata's first issue.

### (2) Shehata lacked authority to convey title to TDFI

In his second issue, Shehata argues the trial court erred in concluding that he lacked authority to sign the deed that transferred the Property to TDFI.[6]

Under the Texas Business Organizations Code, the company agreement of a limited liability company governs its internal affairs including the authority of managers and members to act on behalf of the company. Tex. Bus. Orgs. Code Ann. § 101.054. Subject to the terms of the agreement, an action "not apparently for carrying out the ordinary course of business of the company binds the company only if the act is authorized," *id.* § 101.254(c), and a simple majority vote is required for a "fundamental business transaction" or any action "that would make it impossible for a limited liability company to carry out the ordinary business of the company." *Id.* § 101.356(c). These default rules may be superseded by provisions in the company agreement. Tex. Bus. Orgs. Code Ann. § 101.052. United Hotels' company agreement unambiguously requires written consent from a supermajority of its members—defined as 75% of the members—in order "to sell the Property or any portion thereof or interest therein," to "enter into any binding

---

[6] Shehata's second issue overlaps with a derivative issue included in the appeal of the WBL SPO Intervenors, which we address in Section IV.

contract or agreement the value of which exceeds $100,000," or to "engage in any transaction in which the Manager . . . has an actual or potential conflict of interest[.]"

Georgy's affidavit states in part: The members of United Hotels were not aware of the sale of the Property until the sale was discovered months later, nor had the members authorized the sale of the Property. As well, United Hotels' operating agreement explicitly prohibited Shehata from selling or transferring property without prior written approval of a supermajority of members. Based on the affidavit and the operating agreement, United Hotels met its initial burden to establish that Shehata lacked authority to execute both the warranty deed to TDFI, as well as the later deed of trust in favor of Axos Bank. The burden of proof thus shifted to Shehata to controvert the evidence or create a genuine issue of fact. Shehata did neither in a timely manner.

Nonetheless, after the trial court granted summary judgment against him on all claims, Shehata filed two company records purporting to controvert Georgy's affidavit. The first document, entitled "First Amendment to Operating Agreement," states that twelve new members were admitted to United Hotels' membership at a later date. The second document, entitled "Agreement to Transfer Property" provides that the "undersigned members agree to transfer the property[.]" The amendment states that except for the new membership list and agreement to transfer the Property, the original agreement "remains in full force and effect" and each admitted member "consents to and agrees to be bound by all the terms of the operating agreement." Both documents are signed by Shehata and twelve other signatories who purportedly comprise a supermajority of the total members, to include initial members and newly admitted members of the company. The documents do not contain the signatures of any of United Hotels' initial members except for Shehata. Before considering Shehata's evidence, we must first determine whether it was part of the summary judgment record of the trial court.

10

United Hotels maintains that Shehata's evidence was "not before the Trial Court at the time it issued the Summary Judgment[,]" and further asserts that Shehata "never sought a re-hearing or re-consideration of the Summary Judgment[.]" The record shows, however, that Shehata, who proceeded as a self-represented party, filed a motion with supporting evidence that was pending at the time of the summary judgment hearing. The motion requested that the trial court reconsider its order granting partial summary judgment, in addition to requesting that the court strike United Hotels' pleadings for lack of authority to bring its lawsuit.[7] Notably, however, Shehata failed to request a hearing on his motion. *See* Tex. R. App. P. 33.1(a)(2). Shehata's challenge to United Hotels' authority was not preserved for review due to his failure to set a hearing and obtain a ruling on his motion. *Id*. Similarly, he neither preserved error on his complaint about the trial court's failure to consider his late-filed evidence. *Id*. Even so, the trial court did enter a written order granting final summary judgment after Shehata filed the evidence, and United Hotels did not seek or obtain an order striking it. Thus, out of an abundance of caution, we further consider whether the order indicates that Shehata's evidence was admitted into the summary judgment record.

Rule 166a provides that a judge may admit late-filed summary judgment evidence "upon leave of court." Tex. R. Civ. P. 166a(c). In considering whether the trial court granted leave to permit late-filed summary judgment evidence, we examine the record for an "affirmative indication" that the trial court permitted the late filing. *Stillwell v. Stevenson*, 668 S.W.3d 844, 850–51 (Tex. App.—El Paso 2023, pet. denied) *op. on reh'g* (citing *B.C. v. Steak N Shake*

---

[7] The motion is entitled "Defendant Albert Shehata, Motion to Dismiss Summary Judgment and Plaintiff's Second Amended Original Petition for Declaratory Action." It requests that the trial court "dismiss" United Hotels' Petition for Declaratory Action and "Motion for Traditional Summary Judgment Against [TDFI], [Shehata] and Nada Adel Shehata." The motion was filed immediately following a document entitled "Declaration of Albert Shehata in Support of Defendants' Opposition to [Plaintiff], Motion for [Summary Judgment]." Pending at the time was United Hotels' second motion for summary judgment filed by United Hotels *against WBL SPO I*. But WBL SPO I had not yet filed a response or "opposition." WBL SPO II later refiled Shehata's declaration attached to its own response to the second motion and its motion for reconsideration of the court's ruling on the second motion.

*Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020) (per curiam)). If the record does not affirmatively indicate that it did permit the late filing, we must further examine the record to determine whether it affirmatively indicates that late-filed documents *would be* accepted. *Id.* at 260 (trial court's statement that it "would be interested" in certain information was sufficient to establish that supplemental evidence was part of the summary judgment record); *see also Wright v. Hernandez*, 469 S.W.3d 744, 755–56 (Tex. App.—El Paso 2015, no pet.) (judge's statements, "That's fine" and "See my coordinator" were sufficient to admit late-filed affidavits).

After rendition of summary judgment, the trial judge may still admit late-filed evidence attached to a motion for reconsideration. The trial court may simply deny the motion without considering its substance, consider the motion on the record as it existed at the time of the first hearing, or consider the new evidence. *1776 Energy Partners, LLC v. Marathon Oil EF, LLC*, 692 S.W.3d 564, 586 (Tex. App.—San Antonio 2023, no pet.). Generally, the movant must show the new evidence was "newly discovered and could not have been discovered through due diligence prior to the ruling on a summary judgment motion." *Urias v. Owl Springs N., LLC*, 662 S.W.3d 561, 572 (Tex. App.—El Paso 2022, no pet.) (trial court did not abuse its discretion in denying motion for reconsideration where movant failed to make showing). Like untimely evidence filed before rendition of summary judgment, evidence filed in support of a motion for reconsideration may only be considered on appeal if the record affirmatively indicates the trial court considered it. *McMahan v. Greenwood*, 108 S.W.3d 467, 500 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) *op. on reh'g*.

In this instance, Shehata filed his declaration 514 days after partial summary judgment was entered. He did not argue in his motion for reconsideration that the documents attached to his declaration were newly discovered or could not have been discovered prior to the summary judgment ruling. On the contrary, he described that he obtained the documents prior to the transfer

12

of the Property, nearly four years before the summary judgment ruling. The trial court did not make a written or oral ruling on his motion. The transcript of the final summary judgment hearing indicates that the trial court permitted him to argue the substance of his motion. Before he spoke, the court advised him, "We're not here for testimony. If you have any legal arguments to present --" He replied, "Thank you. I just have a few points." He then reiterated each of the arguments in his motion and asked the court to consider the evidence attached, concluding, "That's all for me." The trial court said nothing and allowed United Hotels to respond. Although United Hotels' counsel wrongly stated that Shehata had not filed "any" motion, Shehata failed to correct him in that moment. Also, Shehata did not specifically request that the court admit the documents or rule on his motion, and the court did not make an oral ruling.

On this record, we conclude the additional documents remained outside the summary judgment evidence, and Georgy's affidavit remained uncontroverted. Accordingly, the trial court did not err in ruling that United Hotels conclusively established that the transfer of the Property was made without the required consent of the company's members as required by its operating agreement's terms.

We overrule Shehata's second issue.

## B. Breach of fiduciary duty and misappropriation of property

In his third issue, Shehata contends the trial court committed reversible error by granting traditional summary judgment in favor of United Hotels, when United Hotels failed to provide evidence of the alleged unlawful actions that would rise to a breach of Shehata's fiduciary duties, and a misappropriation under the Texas Theft Liability Act.

We consider each cause of action in turn.

13

### (1) Breach of fiduciary duty

The elements of a claim of breach of fiduciary duty are: "(1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). On appeal, Shehata only challenges the second element, arguing that United Hotels failed to "prove by conclusive evidence that Shehata breached the duty he owed to the members of United." United Hotels responds that it "proved, as a matter of law, that Shehata breached his fiduciary duty by selling the Property and again by selling the Property to his company, TDFI, for no consideration."

For contextual background, we first address the fiduciary duty, if any, that Shehata owed to United Hotels as its sole manager and CEO. The Texas Business Organizations Code provides that the "company agreement of a limited liability company may expand, restrict, or eliminate any duties, including fiduciary duties[.]" Tex. Bus. Orgs. Code Ann. § 101.401. Here, United Hotels' operating agreement expressly provides the manager of the entity has a duty of loyalty "limited to the following":

(1) To account to [United Hotels] and hold as trustee for it any property, profit, or benefit derived by the Manager or Officer in the conduct or winding up of [United Hotels] or derived from a use by the Manager or Officer of [United Hotels] property, including the appropriation of a [United Hotels] opportunity, without the consent of the Members;

(2) To refrain from dealing with [United Hotels] in the conduct or winding up of [United Hotels] as or on behalf of a party having an interest adverse to the company, without the consent of the Members; and

(3) To refrain from competing with [United Hotels] in the conduct or winding up of the activities of [United Hotels], without the consent of the other Members.

Based on these terms, we conclude that Shehata had a fiduciary duty to obtain the "consent of the Members" before he transferred title of the Property to his own company, TDFI, and to do so for no consideration. This duty dovetails with the contractual limitation imposed on Shehata's

14

authority as United Hotels' manager, which requires him to obtain "prior written approval" from a supermajority of members before he is authorized to dispose of company-owned property.

We conclude that United Hotels' uncontroverted evidence that Shehata transferred the Property without prior authorization of the members and for no consideration was sufficient to meet United Hotels' initial burden to establish breach of his fiduciary duty. On this record, Shehata failed to establish the trial court erred in granting summary judgment favorable to United Hotels on its claim of breach of fiduciary duties.[8]

We overrule Shehata's third issue in part.

### (2) The Texas Theft Liability Act

Shehata also complains of the trial court's judgment holding him, his daughter, and TDFI jointly and severally liable for civil theft and unspecified attorney's fees and costs. Under the Texas Theft Liability Act, a person who commits theft under the Penal Code is entitled to recover actual damages and attorney's fees. Tex. Civ. Prac. & Rem. Code Ann. §§ 134.003(a), .005(b). Because the Act "provides for attorney's fees even without an underlying damages recovery[,]" proof of damages is not per se required. *In re Corral-Lerma*, 451 S.W.3d 385, 386 (Tex. 2014) (per curiam). A person commits theft if he or she "appropriates property with intent to deprive the owner of property" and "without the owner's effective consent," such as "by deception or coercion." Tex. Penal Code Ann. § 31.03(a), (b)(1) (theft), § 31.01(3)(A) (effective consent). Relevant to this case, "appropriation" includes both "exercis[ing] control of property" and "bring[ing] about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another," Tex. Penal Code Ann. § 31.01(4).

---

[8] The trial court did not award damages for breach of fiduciary duty. No party has addressed whether a finding of damages was necessary to support the judgment of liability.

15

On appeal, Shehata complains that Georgy's affidavit is insufficient to conclusively establish the elements of theft, in particular that Shehata and his daughter had "intent to engage in something unlawful when they transferred the Property[.]" In its response, United Hotels does not address intent; indeed, the word does not appear in any of its briefs on appeal.

When a claim of theft is made in connection with a contract, there must be "proof of more than an intent to deprive the owner of property and subsequent appropriation of the property." *Wirth v. State*, 361 S.W.3d 694, 697 (Tex. Crim. App. 2012). To establish theft in that circumstance, the evidence must show the appropriation resulted from "a false pretext or fraud." *Id.*; *see also Roland Landscape Creations LLC v. Cobb*, No. 09-20-00258-CV, 2023 WL 2028441, at *5 (Tex. App.—Beaumont Feb. 16, 2023, no pet.) (mem. op.) (determining that a single affidavit describing that company manager's improper retention of plaintiff's money to "keep project moving" was insufficient to establish theft). "Moreover, the evidence must show that the accused intended to deprive the owner of the property at the time the property was taken." *Wirth*, 361 S.W.3d at 697.

The Texas Supreme Court has held that detailed testimony regarding a check-kiting scheme was sufficient to support a traditional summary judgment on liability for civil theft. *Texas Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 516 (Tex. 1999) (per curiam). Courts have generally held that evidence in support of theft—as opposed to related claims such as conversion or breach of fiduciary duty—will ordinarily only raise a fact issue as to intent, which precludes summary judgment. *See, e.g.*, *First State Bank, N.A. v. Morse*, 227 S.W.3d 820, 826 (Tex. App.—Amarillo 2007, no pet.) (providing that evidence of title being signed without approval established conversion, not theft); *Odela Group, LLC v. Double-R Walnut Mgmt., L.L.C.*, No. 05-16-00206-CV, 2017 WL 1360209, at *8 (Tex. App.—Dallas Apr. 12, 2017, no pet.) (mem. op.). Generally, such fact-based determinations rest with the jury. *McCullough v. Scarbrough, Medlin &*

*Associates, Inc.*, 435 S.W.3d 871, 906–07 (Tex. App.—Dallas 2014, pet. denied) (concluding that jury's theft verdict was supported by inconsistent testimony at trial); *Jafar v. Beach & Beaches, Inc.*, No. 01-22-00412-CV, 2024 WL 3107684, at *14 (Tex. App.—Houston [1st Dist.] June 25, 2024, no pet.) (mem. op.) (providing that trial court was "free to disbelieve his explanation of why he wrote checks to himself"); *see also Matter of Estate of Paxton*, No. 08-22-00148-CV, 2023 WL 5486241, at *7 (Tex. App.—El Paso Aug. 23, 2023, no pet.) (mem. op.) (holding master's report "did not supply conclusive proof of the [Appellees'] causes of action for civil conspiracy or aiding and abetting a breach of fiduciary duty because both these causes of action require a showing of intent") (mem. op.).

Shehata points out that the only evidence supporting United Hotels' motion for summary judgment were Georgy's affidavit, the general warranty deed, and the operating agreement. He urges this summary judgment evidence fails to establish as a matter of law that he and his daughter, Nada, acted with intent "to engage in something unlawful" when they transferred United Hotels' Property to TDFI. Shehata relies on case law establishing that a summary judgment must stand or fall on its own merits, and the nonmovant's failure to answer or respond cannot supply by default the proof necessary to establish the movant's right to judgment. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). We agree the summary judgment evidence is wholly lacking with regard to proof of intent in support of theft. Only Georgy's affidavit provides information about the transfer of Property. However, it does not include any assertion of facts addressing whether Shehata or his daughter acted with intent to deprive United Hotels of the Property at the time of the transfer to TDFI. *Cf. Texas Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999) (per curiam) (providing that affidavits from two bank officers explained the details of a check-kiting scheme and the resulting loss). We conclude that

17

United Hotels failed to conclusively establish through its summary judgment evidence that Shehata violated the Theft Liability Act.

We sustain the remaining part of Shehata's third issue.

## IV. THE WBL SPO INTERVENORS' APPEAL

The WBL SPO Intervenors bring two issues on appeal. First, they contend the trial court erred in granting United Hotels' traditional and no-evidence motion for summary judgment against each WBL SPO entity. Second, they argue the trial court erred in striking WBL SPO II's petition in intervention.

Because the second issue calls into question the scope of the summary judgment evidence, we consider that issue first.

### A. The striking of WBL SPO II's petition in intervention

United Hotels filed a combined traditional and no-evidence motion for summary judgment challenging WBL SPO I's claim that it held equitable title to the Property. Like Shehata, WBL SPO I failed to respond to the motion. WBL SPO II made its first appearance by filing a "First Amended Petition in Intervention" and response to United Hotels' motion against WBL SPO I, attaching the deed of trust from TDFI to Axos Bank and assignments to WBL SPO I. United Hotels moved to strike WBL SPO II's intervention for lack of standing.

### B. Analysis

A party must have a justiciable interest to assert a title claim. *Gilbreath v. Horan*, 682 S.W.3d 454, 489 (Tex. App.—Houston [1st Dist.] 2023, pet. denied) *op. on reh'g* (board member who admitted she did not have an ownership interest lacked standing); *Dunster Live, LLC v. LoneStar Logos Mgmt. Co.*, No. 03-22-00014-CV, 2024 WL 291403, at *6 (Tex. App.—Austin Jan. 26, 2024, no pet.) (mem. op.) (former members lack standing); *L&S Pro-Line v. Gagliano*,

18

No. 09-21-00178-CV, 2024 WL 3218507, at *20 (Tex. App.—Beaumont June 28, 2024, no pet.) (incidental beneficiaries lack standing) (mem. op.).

WBL SPO II's responsive pleading purported that it held a Deed of Trust assigned to it from WBL SPO I. But as to that point it failed to attach an instrument evidencing an assignment of title from WBL SPO I to WBL SPO II. This error was not corrected even after United Hotels pointed it out before the trial court ruled. The trial court struck WBL SPO II's intervention and it also entered a final judgment denying WBL SPO I's claim to equitable title. WBL SPO II moved for reconsideration, attaching a certified copy of an Assignment of a Deed of Trust by World Business Lenders, LLC (WBL) to WBL SPO II that was recorded in the records of Andrews County and indicating it was the current assignee of the deed of trust from TDFI. Except for a footnote stating that "[t]his Exhibit G was not attached to the original MSJ response," the motion provides no additional evidence. On appeal, WBL SPO II concedes it failed to attach the correct assignment establishing its interest in its response to United Hotels' motion to strike. The motion did not include any statement or evidence showing the correct Assignment of Deed of Trust was previously unavailable, *Macy*, 294 S.W.3d at 651, that counsel's failure to attach it was "not intentional or the result of conscious indifference, but was the result of an accident or mistake," or that granting the motion would "occasion no delay." *Gregg Price*, 288 S.W.3d at 925.

A trial court has broad discretion in determining whether to strike an intervention. For example, a "significant delay" in filing a petition may qualify as sufficient cause to strike the pleading. *Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 874 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (delay in filing intervention 20 months after suit was filed and 2½ months after motion for summary judgment was filed was sufficient to strike). Here, on the record of this appeal, it appears that WBL SPO II's first amended petition for intervention was filed more

19

than three years after suit was filed; or two years after United Hotels' first motion for summary judgment was filed; and about two months after its second motion was filed.

Moreover, WBL SPO II's chain of title shows its Deed of Trust was assigned twice during the litigation—from WBL to WBL SPO I on March 4, 2021, and purportedly again from WBL to WBL SPO II on October 28, 2021. WBL SPO II argues that these assignments rendered the trial court's judgment on the Deed of Trust premature due to the existence of a new lienholder. However, because the record showed WBL had assigned the Deed of Trust to WBL SPO I before WBL purportedly assigned it to WBL SPO II, the chain of title shows WBL SPO I remained the current owner of the Deed of Trust, and the evidence failed to show a valid assignment from WBL SPO I to WBL SPO II. Moreover, the Deeds of Trust show the notice address for the original lender, "Axos Bank c/o World Business Lenders, LLC," was the same as the WBL SPO subsidiaries, WBL SPO I and WBL SPO II. Thus, based on the record before the trial court at the time, the evidence fails to show it abused its discretion in striking WBL SPO II's intervention. Additionally, WBL SPO II similarly failed to establish the trial court abused its discretion in denying a reconsideration of its ruling.

With WBL SPO II's petition for intervention stricken, and because no response to United Hotels' motion for summary judgment was filed by WBL SPO I, the record does not establish the trial court erred in granting United Hotels' motion for summary judgment on its suit to quiet title.

## C.  Remaining matters in dispute

The WBL SPO Intervenors argue that, even if the trial court properly granted summary judgment on United Hotels' suit to quiet title, it erred when it rendered a judgment declaring the warranty deed from United Hotels to TDFI void ab initio, when it should have rendered said deed voidable and of no effect on the date of the trial court's order. In other words, the WBL SPO Intervenors argue they maintained an equitable interest in the Property as bona fide mortgagee

20

lienholders as assignees of a Deed of Trust that was valid at the time it was issued. To a limited extent, we address this remaining argument.

In our earlier review of Shehata's first and second issues, we held the trial court properly declared the warranty deed from United Hotels to TDFI void because Shehata failed to controvert the evidence establishing lack of consent when he conveyed title to TDFI on United Hotels' behalf. Shehata then signed a Deed of Trust with Axos Bank, which then encumbered the Property. Because signing the Deed of Trust was derivative of Shehata's unauthorized transfer of the Property, we additionally determined on the same record that he lacked authority to encumber United Hotels' Property. As earlier stated, United Hotels' operating agreement required written consent from 75% of its members "to borrow money for and on behalf of the Company for any purpose, to be secured by the Company's interest in all or substantially all of the Company's real or personal property" or "to incur indebtedness . . . other than in the ordinary course of Company business." Georgy's uncontroverted affidavit established that no consent was given by the necessary quantity of members to authorize the encumbrance of the Property. Nonetheless, the WBL SPO Intervenors contend the unauthorized execution of the Deed of Trust rendered it voidable, not void, relying on a bona fide mortgagee defense.

The bona fide purchaser defense is an affirmative defense to a title suit. *Hazel v. Lonesome Ranch Prop. Owners Ass'n*, 656 S.W.3d 468, 487 (Tex. App.—El Paso 2022, no pet.) (citing *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001)). A bona fide purchaser is one who acquires property in good faith, for value, and without notice, actual or constructive, of any third-party claim or interest. *Id.* A bona fide mortgagee is entitled to the same protections as a bona fide purchaser. *Noble Mortg. & Investments, LLC v. D & M Vision Investments, LLC*, 340 S.W.3d 65, 76 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

21

Under Texas law, a voidable deed operates as valid and perfect until set aside. *Lighthouse Church of Cloverleaf v. Texas Bank*, 889 S.W.2d 595, 601 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (citing *Pegues v. Moss*, 140 S.W.2d 461, 475 (Tex. App.—El Paso 1940, writ dism'd by agr.)). "Such a deed may be voidable as between grantor and grantee; it may nevertheless be effectual to convey title to an innocent purchaser from the grantee." *Id*. Whereas a void deed cannot pass title from the grantee even as to an innocent purchaser. *Id*. (citing *Daniel v. Mason*, 38 S.W. 161, 162 (Tex. 1895)); *Texas Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 168 (Tex. 2013) (one cannot claim to be an innocent purchaser when a void deed is in one's chain of title). Illustrating this point, in *Nobles v. Marcus*, the Texas Supreme Court held that a party signing a deed "as vice-president when he had no actual authority to do so" rendered the deed voidable, not void. 533 S.W.2d 923, 926 (Tex. 1976).

If we determine that the bona fide mortgagee defense fails, we need not decide whether the deed was void or voidable. *Noble* holds that a similar deed signed by a corporate officer without authority is only voidable, but it does so only for purposes of determining that subsequent owners lacked standing. Yet, there is another line of authority that holds that deeds signed by trustees outside the scope of a deed of trust are void, not simply voidable. *See Jenkins v. Alexander*, No. 03-95-00377-CV, 1997 WL 217176, at *2 (Tex. App.—Austin May 1, 1997, writ denied) ("A purported conveyance by one without authority to convey is void."); *Slaughter v. Qualls*, 162 S.W.2d 671, 675 (Tex. 1942) (deed obtained from trustee who sold property without authority to do so is void); *Stark v. Stefka*, 491 S.W.2d 757, 759 (Tex. App.—Austin 1973, no writ) (sheriff's deed void unless executed with authority); *Wall v. Lubbock*, 118 S.W. 886, 888–89 (Tex. App.—Austin 1908, writ ref'd) (holding a deed executed by the agent and attorney of the grantor did not convey title to the grantee because the grantor was dead at the time of the execution and, therefore, the agent had no authority to execute the deed).

Here, the parties disagree as to who bears the burden as to the bona fide mortgagee defense. The general rule is the burden falls on the purchaser or mortgagee because it is an affirmative defense. *Madison*, 39 S.W.3d at 606; *Glass v. Upton*, 226 S.W.2d 244, 245–46 (Tex. App.—Austin 1950, no writ) (reversing where jury instruction improperly shifted the burden of proving the defense). Still, courts have recognized an exception to the general rule in contests between an equitable right of title and a legal title; in such case, the burden of proof is on the party asserting the equitable right. *Gordy v. Morton*, 624 S.W.2d 705, 707 (Tex. App.—Houston [14th Dist.] 1981, no writ). An equitable right of title may be based, for example, on a sales contract. *Amason v. Woodman*, 498 S.W.2d 142, 143 (Tex. 1973) (plaintiff asserting title under contract for deed bore burden to negate bona fide purchaser defense); *Westland Oil Development Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 907 (Tex. 1982) (same for contract for leases). One line of cases holds that claims to set aside a deed induced by fraud are equitable, because they rely on "setting up an equity in the land growing out of a trust relation" between the parties. *Sparks v. Taylor*, 90 S.W. 485, 488 (Tex. 1906).

More recently, however, the Supreme Court held the general rule applied in a fraudulent deed case. *Madison*, 39 S.W.3d at 606. There, the plaintiff conceded the deed was properly recorded but he alleged the deed was intended to be used as a mortgage and a subsequent transfer was therefore fraudulent. *Id.*; *see Phillips v. Latham*, 523 S.W.2d 19, 24 (Tex. App.—Dallas 1975, writ ref'd n.r.e.) (holding that a landowner asserting the bona fide purchaser defense in a quiet title action under trustee's deeds executed without authority although "regular on their faces" had the burden of proof); *Hahn v. Love*, 321 S.W.3d 517, 527 n.9 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (general rule applies where the purchaser asserts bona fide purchaser status in an affirmative claim to quiet title as well as an affirmative defense to a fraudulent deed claim). Applying the general rule to fraud cases is consistent with the Texas Uniform Fraudulent Transfer

Act, which provides an equivalent bona fide purchaser defense. *Vasquez v. Old Austin Rd. Land Tr.*, No. 04-16-00025-CV, 2017 WL 3159466, at \*2 (Tex. App.—San Antonio July 26, 2017, pet. dism'd w.o.j.) (mem. op.) (citing Tex. Bus. & Com. Code Ann. § 24.009); *Flores v. Robinson Roofing & Const. Co.*, 161 S.W.3d 750, 756 (Tex. App.—Fort Worth 2005, pet. denied) (citing Unif. Fraudulent Transfer Act § 8 cmt. 1.

Like *Madison*, this case involves a claim to set aside a deed for lack of authority and because of fraud. 39 S.W.3d at 606. As to lack of authority, we must consider proof of authority outside the deed, but it is not necessary to determine fraud or to establish a trust relationship outside the execution of the deed. *Sparks*, 90 S.W. at 486. Proving authority to execute a deed is similar to the proof of identity required to acknowledge a deed and prevent forgery.

The WBL SPO Intervenors could have discovered that Shehata lacked authority to execute an instrument transferring or encumbering the Property simply by examining the corporation's operating agreement. We also note that, as in *Hahn,* the WBL SPO Intervenors did not simply plead bona fide mortgagee status as a defense, but they also relied on it as a basis for a quiet title claim. In this circumstance, we hold that the burden fell on the WBL SPO Intervenors to establish their bona fide mortgagee status in accord with the general rule under *Madison*, 39 S.W.3d at 606.

Because the trial court properly struck WBL SPO II's intervention and response, the summary judgment record lacks evidence establishing any lienholders had purchased the Deed of Trust in good faith, for value, and without notice of United Hotels' adverse claim. *Id.* On this record, we cannot say the evidence established the deed was voidable as to the WBL SPO Intervenors.

Accordingly, we overrule the WBL SPO Intervenors' first and second issues.

## V. CONCLUSION

For the reasons stated above, we hold that neither WBL SPO I nor WBL SPO II demonstrated any error in the trial court's rulings. Thus, we affirm the trial court's order striking WBL SPO II's intervention, dated May 5, 2023; its order granting United Hotels' motion for summary judgment on WBL SPO I's claim to quiet title, dated May 15, 2023, which effectively quieted title in United Hotels; and its motion denying WBL SPO I and WBL SPO II's motion to reconsider, dated July 18, 2023. Moreover, we hold the summary judgment evidence conclusively established that Shehata acted without the requisite authority when conveying title to TDFI. Consequently, the trial court properly determined the warranty deed from United Hotels to TDFI, and the Deed of Trust on behalf of Axos Bank, were void. As for the trial court's grant of summary judgment on the several causes of action, we affirm in part and reverse in part. We affirm the trial court's judgment that Shehata breached his fiduciary duties, and we reverse the judgment in favor of United Hotels and against Shehata on its Texas Theft Liability Act claim. We remand the case to the trial court for further proceedings consistent with this opinion.


GINA M. PALAFOX, Justice

July 18, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.
Soto, J., (not participating)

25